# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43389

MIGUEL COSIO-NAVA, )
)
    Petitioner-Appellant, )
)
v. )
)
STATE OF IDAHO, )
)
    Respondent. )
————————————————————— )

Boise, September 2016 Term

2016 Opinion No. 119

Filed: November 2, 2016

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

The judgment of the district court is affirmed.

Kent D. Jensen Law Office, Burley, for appellant.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

—————————————

J. JONES, Chief Justice

Appellant Miguel Cosio-Nava ("Cosio") appeals the district court's dismissal of his petition for post-conviction relief, in which he alleged that trial counsel provided him ineffective assistance by failing to advise him of the immigration consequences of pleading guilty.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Cosio pled guilty in 2014 to the felony offense of domestic battery with traumatic injury, in violation of Idaho Code sections 18-903 and 18-918(2). Cosio is a Mexican citizen who had been in the United States since 1992 as a Legal Permanent Resident ("LPR"). At his sentencing hearing, the court discussed immigration issues with Cosio and his trial counsel, Steven McRae:

> THE COURT: Do you also understand, depending upon your legal status in this country, that a plea of guilty could result in your deportation?
> THE DEFENDANT: Yes, I understand.
> THE COURT: Mr. McRae, do we have any immigration issues?

1

MR. MCRAE: Not at the present time, Your Honor, no. And we've discussed that – We've discussed that he is in the process of seeking to become a legal citizen and he understands that this can conflict with that.

THE COURT: Do you understand, sir, given the nature of the crime, that there is a likelihood that you could be deported?

THE DEFENDANT: Yes, I understand.

THE COURT: Do you understand that there is a likelihood that you could be denied citizenship?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if you are deported, there is a likelihood that you could never return?

THE DEFENDANT: Yes, I understand.

Based on his 2014 conviction, Cosio was detained by Immigration and Customs Enforcement personnel and ultimately removed from the United States.[1] Cosio did not appeal his removal.

Cosio petitioned for post-conviction relief, alleging that trial counsel did not adequately advise him of the immigration consequences of his plea, in violation of *Padilla v. Kentucky*, 559 U.S. 356 (2010). The district court found that "[w]hen asked if he was ever advised by his attorney that he would lose his LPR status when he pled guilty, [Cosio] responded, 'No. He never mentioned any of that.'" The district court also made factual findings regarding the testimony of Cosio's trial counsel:

[McRae] testified that he had concerns regarding the charges relative to his client's legal status in the United States. . . . He admits that he is not an immigration specialist but that he did know that certain crimes of violence can result in deportation. . . . He knew that the charges facing his client were likely to result in his deportation.

* * *

. . . McRae testified that he told his client his "understanding was that because this was a crime of violence that he would lose his right to be in the United States and so in the event that [I]mmigration ever found him that he would be deported." He also advised his client that he could consult with another attorney about his immigration consequences; his client declined to do so.

. . . [McRae] was asked about his comment to the Court that there were no immigration issues at the time of entry of the plea. He admits that his statement to

---

[1] The record does not include the order effecting Cosio's removal. However, an ICE charging document in the record alleges that he was subject to removal under 8 U.S.C. § 1227(a)(2)(E)(i) for being an alien convicted of a crime of domestic violence and under 8 U.S.C. § 1227(a)(2)(A)(iii) for being an alien convicted of an aggravated felony (in this case, a crime of violence for which the term of imprisonment is at least one year).

the court . . . is in conflict with his current testimony. He admits that he did not bring to the court's attention that this client had LPR status.

On re-direct he explained that when he said there were no immigration issues, he meant that the immigration authorities were not yet aware of the pending charges. He admits that his response to the Court was not entirely correct.

The district court cited *Strickland v. Washington*, 466 U.S. 668 (1984), and *Aragon v. State*, 114 Idaho 758, 760 P.2d 1174 (1988), for the proposition that to prevail on an ineffective assistance of counsel claim the defendant must show that counsel's performance was deficient and that the defendant was prejudiced by the deficiency. Here, the district court did not find credible Cosio's testimony that McRae provided him with no advice regarding the immigration consequences of his plea. Rather, the court found that McRae's testimony in this proceeding was supported by the transcript of the sentencing hearing, during which Cosio indicated he understood that he could be deported. After the court found that McRae's testimony was more credible than Cosio's, it concluded that Cosio had not met his burden of showing that McRae's performance was deficient.

The district court also concluded that Cosio failed even to allege that he was prejudiced by any deficiency in counsel's performance. The court noted that Cosio "did not put on any evidence that he would have or could have negotiated a plea deal that did not have a risk of deportation." Further, Cosio "does not allege nor did he testify that he would have rejected the plea agreement and (1) would have gone to trial with the possibility of being acquitted; or (2) would have negotiated a plea to a charge that did not have immigration consequences." Finally, the court stated that Cosio "has failed to articulate in his testimony or verified petition, that the outcome of his case would have been different but for his counsel's performance." In light of these conclusions, the court dismissed Cosio's petition for failing to establish that counsel was deficient in representing him and that he was thereby prejudiced. Cosio timely appealed.

## II.
## ISSUE PRESENTED ON APPEAL

Whether the district court erred in dismissing Cosio's petition for post-conviction relief.

## III.
## STANDARD OF REVIEW

An application for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d

476, 482 (2007). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990).

> When reviewing a decision denying a petition for post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. The role of the reviewing court is to determine whether there was substantial evidence to support the trial court's findings. A claim of ineffective assistance of counsel presents mixed questions of law and fact. On appeal, when faced with mixed questions of fact and law, [the appellate court] will defer to the factual findings made by lower courts if those determinations are based upon substantial evidence, but . . . will exercise free review of the application of the relevant law to those facts.

*Mitchell v. State*, 132 Idaho 274, 277, 971 P.2d 727, 730 (1998).

To prevail on an ineffective assistance of counsel claim, a petitioner seeking post-conviction relief must show that counsel's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687–88; *Adams v. State*, 158 Idaho 530, 536, 348 P.3d 145, 151 (2015). To establish deficient performance, a petitioner must show that the attorney's representation fell below an objective standard of reasonableness. *Aragon*, 114 Idaho at 760, 760 P.2d at 1176. In an immigration case, an attorney's duty is governed by the clarity of the deportation consequences.

> When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear.

*Padilla*, 559 U.S. at 369.

To establish prejudice, a petitioner must show a reasonable probability that, but for the attorney's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The *Strickland* two-part standard applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To show prejudice, a petitioner must demonstrate a reasonable probability that "but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. Stated slightly differently, the petitioner must show that counsel's deficient performance "affected the outcome of the plea process." *Id.* "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372.

4

The Court "will not disturb findings of fact that are supported by substantial and competent evidence, even if there is conflicting evidence." *Spectra Site Commc'ns, Inc. v. Lawrence*, 160 Idaho 570, 573, 377 P.3d 75, 78 (2016).

## IV.
## ANALYSIS

**The district court did not err in dismissing Cosio's petition for post-conviction relief.**

After an evidentiary hearing, the district court concluded that Cosio failed to prove by a preponderance of the evidence either of the two required prongs under *Strickland*. Cosio appears to argue that the district court's conclusion that McRae's performance was not deficient was not based on substantial evidence:

> The court in its decision on Mr. Cosio's petition, states that Mr. McRae's testimony during the post-conviction hearing was credible and sufficient to explain the obvious contradiction of the statement given at the change of plea hearing. Mr. Cosio argues that more weight should be given to Mr. McRae's statement given at the time of the change of plea hearing, since that statement was near in time to any discussion between himself and Mr. Cosio with regard to immigration consequences.

This argument fails to consider the district court's memorandum decision and order in light of the applicable standard of review. As detailed above, the district court found that McRae testified that he told his client his "understanding was that because this was a crime of violence that he would lose his right to be in the United States and so in the event that [I]mmigration ever found him that he would be deported." This was correct advice, so the only way Cosio could prevail on appeal is by showing that the district court clearly erred in finding that McRae actually gave this advice. Cosio raises no challenge to the substantiality or competency of the evidence on which the district court relied, and a challenge merely inviting the Court to reweigh conflicting evidence fails as a matter of law. Therefore, we affirm the district court's order dismissing Cosio's petition.

Cosio also challenges the district court's conclusion that he failed to show he was prejudiced by McRae's allegedly deficient performance. Cosio argues that "under the *Strickland* standard the pertinent question would not be whether Mr. Cosio would have sought to have his plea withdrawn and gone to trial, but rather the inquiry should focus on whether but for counsel's performance in the case the outcome would have been different." Cosio then suggests that during plea negotiations, McRae should have explored other potential sentencing options such as

seeking a withheld judgment.[2] However, Cosio's argument again fails to raise a legitimate challenge in light of the applicable standard of review. He fails to articulate how the district court erred in finding that he had failed to present any evidence of prejudice. He points to no evidence presented to the district court tending to show that an outcome not involving his removal from the United States was likely or even possible. Once more, he merely invites the Court to reweigh the evidence before the district court. This the Court will not do.

Even if the issue were framed as a legal rather than factual question, Cosio would still not prevail because he has failed to show that reaching a plea deal resulting in a withheld judgment was a realistic option. He has not shown that "reject[ing] the plea bargain would have been rational under the circumstances," and he has not even alleged that McRae's allegedly deficient performance "affected the outcome of the plea process." *Padilla*, 559 U.S. at 372; *Hill*, 474 U.S. at 59. Absent any evidence that a plea deal resulting in a withheld judgment was a realistic possibility, Cosio has not shown prejudice under *Strickland*.

Thus, there was substantial evidence to support the district court's conclusion that Cosio did not establish either of the two required prongs under *Strickland*. Accordingly, we affirm the district court's order dismissing Cosio's petition for post-conviction relief.

## V.
## CONCLUSION

The order of the district court dismissing Cosio's petition for post-conviction relief is affirmed. We award costs on appeal to Respondent.


Justices EISMANN, BURDICK, W. JONES and HORTON CONCUR.

---

[2] Cosio argues that a withheld judgment would not result in him losing his eligibility to remain in the United States. The State argues that the immigration consequences would be the same even if Cosio had bargained for a withheld judgment. The Court need not reach this issue and, therefore, expresses no opinion on the immigration consequences of a withheld judgment.