**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45942**

| | |
|---|---|
| DARRYL HENDERSON, | ) |
| | ) Filed: April 14, 2020 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying motion to amend petition for post-conviction relief and judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Greg S. Silvey, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Darryl Henderson appeals from the district court's order denying his motion to amend his previously amended petition for post-conviction relief and the judgment dismissing his amended petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Henderson's petition for post-conviction relief relates to three underlying criminal cases. In March 2010, the State filed a complaint charging Henderson with three counts of lewd conduct with a minor child under sixteen and one count of delivery of a controlled substance. I.C. § 18-1508; I.C. § 37-2732(a)(1)(A). Additionally, the State alleged Henderson was a persistent violator of the law. I.C. § 19-2514. These charges related to Henderson, who was forty-six years old at the time, having sex multiple times with a fourteen-year-old runaway and

1

exchanging methamphetamine for sex. In May 2010, the State filed a second complaint charging Henderson with additional counts of possession of methamphetamine and of possession of drug paraphernalia. I.C. § 37-2732(a)(1)(A); I.C. § 37-2734A(3). A day later, the State filed a third complaint charging Henderson with three counts of possession of a forged check. I.C. § 18-3605.

The parties entered into a single plea agreement to resolve all three of these criminal cases. Under this agreement, Henderson agreed to plead guilty to one count of lewd conduct and one count of possession of a forged check. In exchange, the State agreed to drop all other remaining counts in all three criminal cases, including the allegation that Henderson was a persistent violator. Further, the State agreed to recommend concurrent sentences of twenty-five years with five years determinate for lewd conduct and seven years with three years determinate for possession of a forged check. At the sentencing hearing, Henderson admitted to having sexual relations with the victim, and the district court imposed concurrent sentences of twenty-five years with five years determinate for lewd conduct and ten years with three years determinate for possession of a forged check. The district court denied Henderson's motion challenging his sentences under Idaho Criminal Rule 35, and this Court affirmed the district court's judgment of conviction and sentences. *State v. Henderson*, Docket Nos. 38088/38089 (Ct. App. May 12, 2011) (unpublished).

In May 2012, Henderson filed a pro se petition for post-conviction relief and his supporting affidavit. In this petition, Henderson alleged numerous claims of ineffective assistance of counsel. In response, the State filed an answer and also the affidavit of Henderson's trial counsel denying Henderson's allegations. Thereafter in August, Henderson filed an amended pro se petition alleging additional claims that his trial counsel was ineffective, including for failing to investigate the authenticity of the victim's statements regarding Henderson's lewd conduct. In support of this amended petition, Henderson filed the victim's affidavit. In this affidavit, the victim recanted her prior statements that she and Henderson had sexual relations, and she attested the police coerced her into accusing Henderson of lewd conduct.

The State responded to Henderson's amended petition requesting that the district court "consider the matter of amending petitions closed." Further, the State notified the court that a grand jury had indicted Henderson for suborning perjury by coercing his victim into signing the

affidavit in support of Henderson's amended petition. As a result, the court stayed Henderson's post-conviction case until the resolution of the suborning perjury charge. Eventually, Henderson pled guilty to amended charges of bribing and intimidating a witness.

Sometime thereafter, in October 2016, the district court issued a notice of intent to dismiss Henderson's amended petition for post-conviction relief. The court excluded the victim's coerced affidavit and concluded Henderson failed to offer any admissible evidence that his trial counsel performed deficiently. In response, Henderson retained counsel, who filed a document entitled "Objection to Notice of Intent to Dismiss and Motion to Amend." Despite the document's title, Henderson offered no argument in response to the court's notice of intent to dismiss his pending claims. Instead, Henderson's filing focused exclusively on his proposed amended claim, namely that his counsel erroneously advised Henderson regarding a possible sentence enhancement if he were convicted as a persistent violator.

In support of this motion to amend, Henderson filed his affidavit attaching a document he claimed his trial counsel gave to Henderson before he entered his guilty pleas in the 2010 criminal cases. Among other things, this document stated, "Plus you are facing the Habitual violator of the law. This is an automatic 5Fixed to Life." Based on this language, Henderson alleged his trial counsel advised Henderson that if he went to trial and was convicted as a persistent violator, he would automatically be sentenced to an indeterminate life sentence with a five-year fixed term. Henderson alleged this advice was incorrect because, under Idaho law, a conviction as a persistent violator does not result in an automatic life sentence. Rather, the term of a persistent violator's sentence "shall be for not less than five (5) years and . . . *may* extend to life." I.C. § 19-2514 (emphasis added).

In April 2017, the State opposed Henderson's motion to amend, arguing Henderson's proposed amended claim lacked merit and, in particular, failed to allege any prejudice as a result of his trial counsel's purported erroneous legal advice. Further, the State moved for summary judgment on all Henderson's pending claims because he failed to address the deficiencies identified in the court's notice of intent. Henderson never replied to the State's opposition. Nearly a year later, in March 2018, the district court issued an order dismissing Henderson's amended petition and denying his motion to amend. The district court accepted as true Henderson's allegations that his trial counsel provided erroneous advice but ruled Henderson failed to show any resulting prejudice. Henderson timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations on which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim than would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to the facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting the allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a party's motion or on the court's own initiative, if it appears there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Further, I.C. § 19-4906 offers guidance for a petition's amendment. *Cole v. State*, 135 Idaho 107, 110, 15 P.3d 820, 823 (2000). The court may make appropriate orders for a petition's amendment and may grant leave to amend a petition following the petitioner's opportunity to respond to a notice of intent to dismiss. I.C. § 19-4906(a), (b).

Generally, when an amendment requires the court's leave, the court shall liberally grant such leave. *See* I.R.C.P. 15(a)(2) ("The court should freely give leave when justice so requires."); *see also Taylor v. McNichols*, 149 Idaho 826, 847, 243 P.3d 642, 663 (2010) ("[M]otions for leave to amend pleadings are to be liberally granted."). In determining whether to allow an amended claim, the court may consider whether the proposed claim states a valid claim. *Black Canyon Racquetball Club, Inc. v. Idaho First Nat. Bank, N.A.*, 119 Idaho 171, 175,

804 P.2d 900, 904 (1991). If the proposed amendment does not state a valid claim and would be futile, the trial court does not abuse its discretion by denying the amendment. *Id.*

## III.

## ANALYSIS

On appeal, Henderson challenges only the district court's denial of his motion to amend to allege that his trial counsel was ineffective for erroneously advising Henderson regarding a possible sentence enhancement if he were convicted as a persistent violator. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). "To avoid summary dismissal, a post-conviction claim of ineffective assistance of counsel must sufficiently allege facts under both prongs of the test." *Roman v. State*, 125 Idaho 644, 649, 873 P.2d 898, 903 (Ct. App. 1994). To establish a deficiency, the petitioner has the burden of showing the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007).

If the petitioner pled guilty, the prejudice element requires the petitioner to show a reasonable probability the petitioner would not have pled guilty and would have insisted on going to trial but for his counsel's errors. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). A reasonable probability is a probability sufficient to undermine confidence in the case's outcome and requires a substantial not just a conceivable likelihood of a different result. *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). To show prejudice, the petitioner should draw a causal connection between his attorney's alleged deficient performance and the petitioner's decision to plead guilty. *Ridgley v. State*, 148 Idaho 671, 677, 227 P.3d 925, 931 (2010). To obtain relief, the petitioner must convince the court a decision to reject the plea bargain would have been rational under the circumstances. *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). The focus is on the petitioner's state of mind when choosing to plead guilty and how the erroneous advice affected his state of mind. *Booth v. State*, 151 Idaho 612, 622, 262 P.3d 255, 265 (2011).

In support of his motion to amend, Henderson alleged that "[t]he reason I chose to plead guilty was to avoid a life sentence" and "[h]ad I known I was not facing a fixed life

5

sentence[1] . . . I would have never [pled] guilty." The district court rejected Henderson's allegations as conclusory. Henderson challenges this ruling on numerous grounds. First, Henderson argues that "the district court simply disregarded the direct evidence of prejudice, to wit, [Henderson's] sworn statement that he pled guilty based on the erroneous advice and [that] he would not have but for the incorrect advice." This argument fails for the same reason that Henderson's allegations fail to show prejudice: "Bare or conclusory allegations, unsubstantiated by any fact, are inadequate to entitle a petitioner to an evidentiary hearing." *Takhsilov v. State*, 161 Idaho 669, 673, 389 P.3d 955, 959 (2016). Likewise, a conclusory argument about conclusory allegations is inadequate.

Second, Henderson contends the district court's rejection of his sworn statement was erroneously based on "the court's . . . perception of the value of the plea bargain" versus Henderson's perception of that value. Specifically, Henderson challenges the court's conclusion that he received "an enormous benefit from the plea deal." Henderson disputes this benefit arguing that "the benefit of the plea agreement was largely illusory" and that the charges against him "were not indefensible." In support of this latter assertion, Henderson identifies what he characterizes as "good facts" for his defense including that (1) there was an absence of "tangible proof" he had sexual intercourse with the victim, such as DNA evidence or his own admission of sexual relations;[2] (2) the victim was reluctant to testify, initially denied having sexual relations with Henderson, was "locked up" when she testified before the grand jury, and had mental health issues; and (3) the forged checks were written to another individual.

Notably, however, Henderson never alleged his trial counsel's erroneous legal advice prejudiced Henderson because the charges against him were defensible. Nor did Henderson raise this argument in reply to the State's opposition to his amendment, wherein the State directly challenged Henderson's failure to allege prejudice. Having failed to raise the argument before the district court, this Court will not consider it on appeal. *See State v. Fodge*, 121 Idaho 192,

---

[1]  This allegation of being subject to a fixed life sentence is inconsistent with Henderson's allegation that his trial counsel advised Henderson the court would sentence him to "an automatic life sentence *indeterminate*." (Emphasis added.)

[2]  Henderson's assertion on appeal that he did not admit to sexual relations with the victim is belied by Henderson's admission during the sentencing hearing that he did.

195, 824 P.2d 123, 126 (1992) (ruling issues not previously raised may not be considered on appeal).

Finally, Henderson challenges the district court's reliance on *Cosio-Nava v. State*, 161 Idaho 44, 383 P.3d 1214 (2016). In that case, Cosio-Nava, a Mexican citizen, pled guilty to felony domestic battery with a traumatic injury. *Id.* at 46, 383 P.3d at 1216. As a result of his plea, the federal immigration authorities removed Cosio-Nava from the United States. *Id.* at 46-47, 383 P.3d at 1216-17. Cosio-Nava filed a petition for post-conviction relief, alleging his trial counsel did not adequately advise Cosio-Nava about the immigration consequences of a guilty plea. *Id.* at 47, 383 P.3d at 1217. The district court dismissed Cosio-Nava's petition, ruling he failed to show deficient performance and any resulting prejudice. *Id.*

On appeal, the Idaho Supreme Court concluded Cosio-Nava failed to meet his burden of showing his trial counsel's performance was deficient. *Id.* at 49, 383 P.3d at 1219. Further, the Court concluded Cosio-Nava also failed to show he was prejudiced by any alleged deficiency. *Id.* Regarding this latter conclusion, the Court reasoned that Cosio-Nava failed to show an alternative plea deal allowing him to avoid removal from the United States was a realistic option. *Id.* Accordingly, the Court concluded Cosio-Nava failed to show that "rejecting the plea bargain would have been rational under the circumstances." *Id.* (quotations and brackets omitted).

Henderson asserts *Cosio-Nava* is distinguishable because the district court in that case held an evidentiary hearing and, unlike Cosio-Nava, Henderson is alleging he would have gone to trial but for his counsel's purported erroneous advice. These distinctions aside, the district court did not err by relying on *Cosio-Nava*. The district court's reliance on *Cosio-Nava* was focused on the rule that "'to obtain relief on this type of claim [involving a guilty plea], a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Id.* at 48, 383 P.3d at 1218 (quoting *Padilla*, 559 U.S. at 372).

Based on this rule cited in *Cosio-Nava*, the district court concluded:

Like *Cosio-Nava*, Henderson has failed to present evidence that rejecting the plea bargain would have been rational under the circumstances he was facing. In this case, where the plea deal significantly reduced Henderson's total exposure, dismissed multiple felony charges and ensured the State would cap their recommendations, Henderson cannot simply make the conclusory allegation that he would not have accepted the plea deal but for the incorrect advice.

7

In reaching this conclusion, the district court properly focused on Henderson's state of mind at the time he pled guilty and whether rejecting the plea bargain would have been rational. *See Booth*, 151 Idaho at 622, 262 P.3d at 265 (noting analysis focuses on petitioner's state of mind when pleading guilty); *see also Padilla*, 559 U.S. at 372 (noting analysis focuses on whether rejecting plea bargain would have been rational).

Further, we reject Henderson's argument that the district court's ruling was inconsistent with *Booth*, 151 Idaho 612, 262 P.3d 255. In that case, the Idaho Supreme Court stated that "the fact that Booth may have benefited by pleading guilty instead of going to trial is not relevant to whether he was prejudiced by [his counsel's] deficient performance." *Id.* at 622 n.9, 262 P.3d at 265 n.9. Henderson contends that, contrary to this statement that a plea bargain's benefit is not relevant to determining prejudice, the district court concluded Henderson was not prejudiced because he benefited from the plea agreement. This argument, however, misconstrues the district court's analysis. Although the district court referred to the plea bargain's benefit to Henderson, this reference was in the context of analyzing whether his rejection of the plea bargain would have been rational. Accordingly, the court's analysis is not inconsistent with *Booth*.

In summary, we hold that the district court did not abuse its discretion by denying Henderson's motion to amend. Henderson's proposed claim did not state a valid claim for relief but rather was futile because he failed to allege anything other than bare, conclusory allegations of prejudice. Further, we agree with the district court that Henderson's rejection of the plea bargain would not have been rational under the circumstances.

## IV.

## CONCLUSION

Based on the foregoing, we affirm the district court's denial of Henderson's motion to amend and its final judgment dismissing Henderson's amended petition for post-conviction relief.

Judge GRATTON and Judge LORELLO **CONCUR**.