**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51308**

| | |
|---|---|
| IVAN MARROQUIN VALDOVINOS, | ) |
| | )    **Filed:  April 4, 2025** |
| Petitioner-Appellant, | ) |
| | )    **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| STATE OF IDAHO, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Cynthia K.C. Meyer, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Hawley Troxell Ennis & Hawley LLP; Alycia T. Moss, Catherine Yenne, Coeur d'Alene, for appellant.  Alycia T. Moss argued.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.  John C. McKinney argued.

---

TRIBE, Judge

Ivan Marroquin Valdovinos appeals from the district court's judgment summarily dismissing his petition for post-conviction relief.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Valdovinos pled guilty to possession of a controlled substance.  At the change of plea hearing, in compliance with Idaho Criminal Rule 11(d), the trial court gave Valdovinos the following admonition:

> [I]f you are not a citizen of the United States, the entry of a guilty plea could have consequences of deportation or removal or inability to obtain legal status in the United States or the denial of an application for United States citizenship.  Do you understand everything that the Court has said to you?

1

Valdovinos responded in the affirmative. As part of the presentencing proceedings, the trial court ordered the preparation of a presentence investigation report (PSI). Prior to his sentencing, Valdovinos and his trial counsel received the report. At sentencing, Valdovinos represented to the trial court that he had reviewed the PSI with his trial counsel and had no corrections. The trial court sentenced Valdovinos to eighteen months of supervised probation and entered a withheld judgment on January 7, 2019. Valdovinos did not appeal his withheld judgment. Valdovinos successfully completed probation, and an order of dismissal was entered on March 5, 2021.

Valdovinos retained an immigration attorney in the spring of 2022. At that time, the immigration attorney notified Valdovinos of the immigration consequences of his prior guilty plea to possession of a controlled substance. Valdovinos' immigration attorney started communicating with Valdovinos' trial counsel in July of 2022. Valdovinos' trial counsel indicated to the immigration attorney that trial counsel was not aware of the *Padilla*[1] requirements with respect to advice regarding immigration consequences related to convictions in criminal cases.

On December 1, 2022, Valdovinos' trial counsel signed an affidavit stating he could not remember whether he advised Valdovinos of the immigration consequences. On March 8, 2023, Valdovinos filed a petition for post-conviction relief and a motion to dismiss. In his petition, Valdovinos alleged ineffective assistance of counsel, stating that his trial counsel failed to advise Valdovinos of the immigration consequences of pleading guilty in the underlying criminal case. Because his petition was filed beyond the one-year statutory timeframe following the finality of his criminal conviction, Valdovinos argued equitable tolling should apply to render his post-conviction petition timely filed. The district court summarily dismissed the petition on the grounds that it was untimely and therefore procedurally barred. The district court further concluded that there was no basis for applying an equitable tolling exception to the time bar. Valdovinos timely appeals.

---

[1] *Padilla v. Kentucky*, 559 U.S. 356 (2010).

2

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

On appeal, Valdovinos argues that the district court erred in summarily dismissing his post-conviction petition as untimely and by not conducting a hearing. Valdovinos asserts that, because of his trial counsel's failure to inform Valdovinos of the potential immigration consequences, his post-conviction petition was eligible for equitable tolling; therefore, it was timely.

The State responds that the district court correctly dismissed Valdovinos' petition for post-conviction relief as untimely. To be timely, a petition for post-conviction relief must be filed "within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." Idaho Code § 19-4902(a). There is no dispute that Valdovinos failed to timely file his petition pursuant to I.C. § 19-4902(a). Thus, the issue is whether Valdovinos' alleged ineffective assistance of counsel claim triggered an "equitable tolling" of the statute.

The district court held that Valdovinos' petition was untimely and ineligible for equitable tolling. The district court did not find any exceptional circumstances, including due process issues, to justify equitable tolling of Valdovinos' petition. The district court found that, at the time he pled guilty in 2018, Valdovinos was informed of the adverse immigration consequences by the trial court. The district court concluded this admonition placed Valdovinos on notice, precluding his equitable tolling claim. Finally, the district court noted that, even if equitable tolling applied, Valdovinos failed to file his post-conviction petition within a "reasonable time."

3

## A.  Equitable Tolling

Valdovinos argues that his trial counsel's deficient performance violated Valdovinos' constitutional due process rights, making him eligible for equitable tolling. In the alternative, Valdovinos argues that the district court erred by summarily dismissing his claim without an evidentiary hearing. In response, the State argues that the district court correctly dismissed Valdovinos' post-conviction claim as untimely.

The district court held that ineffective assistance of counsel claims can or should be known at the time the criminal proceedings are concluded. The district court found that Valdovinos was notified of potential immigration consequences associated with his guilty plea at the time of the change of plea hearing. The district court determined that its admonition put Valdovinos on notice regarding potential immigration consequences well before his judgment of conviction was entered. As a result, Valdovinos was not entitled to equitable tolling of his petition.

In the context of equitable tolling, the reviewing court "exercises free review over 'the district court's application of the relevant law to the facts.'" *Bahr v. State*, 172 Idaho 373, 378, 533 P.3d 282, 287 (2023) (quoting *Rankin v. State*, 170 Idaho 463, 465, 512 P.3d 161, 163 (Ct. App. 2021) ("Although we have never explicitly stated it before, the Court of Appeals' de novo standard of review over whether to grant equitable tolling, given a set of assumed facts or facts found, is correct.").

The standard for equitable tolling has two prongs:  (1) petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. *Bahr*, 172 Idaho at 379, 533 P.3d at 288. Equitable tolling of the statute of limitations in a post-conviction case is allowed if it is necessary to protect the petitioner's due process right to have a meaningful opportunity to present his claims. *Schultz v. State*, 151 Idaho 383, 385-86, 256 P.3d 791, 793-94 (Ct. App. 2011); *Rankin*, 170 Idaho at 465, 512 P.3d at 163. The standard for application of equitable tolling in post-conviction actions is a stringent one. *Schultz*, 151 Idaho at 386, 256 P.3d at 794; *see also Mahler v. State*, 157 Idaho 212, 215, 335 P.3d 57, 60 (Ct. App. 2014) (noting bar for equitable tolling in post-conviction cases is high). The petitioner bears the burden of showing the circumstances warrant the tolling of the one-year statute of limitation. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009).

4

Idaho has recognized equitable tolling relating to post-conviction petitions where the petitioner was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials and where mental disease or psychotropic medication rendered a petitioner incompetent, thereby preventing the petitioner from pursuing challenges to his conviction earlier. *Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2003). Neither of these circumstances apply to Valdovinos. However, Idaho has also recognized that, in limited circumstances, tolling may be available if the asserted claims raise important due process issues. *Rhoades*, 148 Idaho at 250-51, 220 P.3d at 1069-70; *Schultz*, 151 Idaho at 386, 256 P.3d at 794. Valdovinos contends such circumstances exist in this case.

Valdovinos alleges he was entitled to equitable tolling because he was unaware of his trial counsel's deficient performance until Valdovinos' immigration attorney contacted trial counsel and trial counsel indicated he was unaware of the requirements in *Padilla v. Kentucky*, 559 U.S. 356 (2010). According to Valdovinos, his trial counsel's deficiency in this regard implicates an important due process issue that triggers equitable tolling. More specifically, Valdovinos argues that he was entitled to a reasonable time to file his petition, which he contends should be measured from the point that he concluded discovery and obtained sufficient evidence to support his petition. Applying this standard to this case, Valdovinos argues the tolling time should be measured from his trial counsel's affidavit indicating he did "not recall advising [Valdovinos] of the immigration consequences." The State argues that reasonable time should be measured from the time Valdovinos learned of the adverse immigration consequences.

In *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007), the Idaho Supreme Court noted that, in instances of a *Brady*[2] violation, "there may be a tolling of the one-year statute of limitations until discovery of the *Brady* violation." The Court applied the same "reasonable time" standard as in post-conviction petitions in capital cases. *Charboneau,* 144 Idaho at 905, 174 P.3d at 875. Even claims raising important due process issues are deemed waived if not brought within a reasonable time of when the claims were known or should have been known. *Rhoades*, 148 Idaho at 251, 220 P.3d at 1070. For claims that do not meet the required timeliness standard, a petitioner "shall be deemed to have waived such claims for relief as were known, or reasonably

---

[2]     *Brady v. Maryland*, 373 U.S. 83 (1963).

should have been known." I.C. § 19-2719. The Court determines what a reasonable time is to file a successive petition on a case-by-case basis. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875.

Relying on *Charboneau*, Valdovinos asserts that his due process claim is akin to a *Brady* violation because, he contends, an ineffective assistance of counsel claim based on *Padilla* implicates due process just like a *Brady* claim. Valdovinos contends that, since a *Brady* violation tolls the statute of limitations to the discovery of such violation, a *Padilla* violation should also toll the deadline until discovery of the deficient performance. We disagree.

First, the nature of the due process violation in *Charboneau* is distinguishable from the one Valdovinos alleges. The fundamental difference between an ineffective assistance of counsel claim and a *Brady* violation is the individual's access to the materials or information that forms the basis of the claim. *Brady* violations occur when the prosecution fails to disclose information, at trial or pretrial proceedings, that is exculpatory and material to either guilt or punishment. A *Brady* violation occurs because the defense has no access to, or knowledge of, the exculpatory information that was withheld; thus, a *Brady* claim can receive the benefit of tolling to the time when the petitioner discovers the evidence. Conversely, an ineffective assistance of counsel claim rests on the performance of defense counsel, not on the acts of the prosecutor. An individual cannot claim ignorance when the proceedings took place in his presence. *See Rhoades*, 148 Idaho at 253, 220 P.3d at 1072 ("The facts of the case, being particularly within the knowledge of the defendant should be sufficient to alert a defendant to the presence of ineffective assistance of counsel."). Accordingly, Idaho courts have repeatedly held that ineffective assistance of counsel claims can or should be known at the conclusion of trial. *Id.*

In this case, the trial court informed Valdovinos of potential immigration consequences associated with pleading guilty to felony possession of a controlled substance. Because Valdovinos was told about the risk of immigration consequences at the time of his conviction, it was squarely within his knowledge whether he had discussed his immigration status and any potential consequences with his trial counsel. Therefore, we conclude that the district court properly found that Valdovinos' ineffective assistance of counsel claim did not warrant tolling of the one-year statute of limitation.

Second, Valdovinos contends that he could not file his post-conviction petition without an affidavit from his trial counsel admitting the failure to advise of the immigration consequences.

6

Because his trial counsel did not sign his affidavit until December 1, 2022, Valdovinos contends that he filed his claims within a reasonable time from that date. Valdovinos' contention is contrary to Idaho law.

Even in capital cases, the Idaho Supreme Court has measured timeliness from the date of notice, not from the date a petitioner assembles a complete cache of evidence to support his claims. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. A different, more lenient standard does not apply in a noncapital case. *Id.* The statutory requirements for filing a post-conviction petition are consistent with this conclusion. An application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. An affidavit from trial counsel was not, and has never been, required in order to file a post-conviction petition alleging ineffective assistance of counsel. Valdovinos' immigration attorney possessed sufficient information from her client to satisfy the statutory requirements for filing a post-conviction petition. We therefore affirm the district court's finding that Valdovinos' delay was unreasonable, even under circumstances involving an immigration-based ineffective assistance of counsel claim.

Valdovinos has failed to show that his petition was timely filed, that he was entitled to equitable tolling, or that his petition was filed within a reasonable time even if equitable tolling was an option.

## B. *Padilla*-Based Ineffective Assistance of Counsel Claim

Even if Valdovinos was entitled to equitable tolling, he failed to allege a genuine issue of material fact entitling him to an evidentiary hearing on his *Padilla*-based ineffective assistance of counsel claim.

"Summary dismissal of a petition for post conviction relief is the procedural equivalent of summary judgment under I.R.C.P. 56 and this Court must determine whether a genuine issue of material fact exists, with inferences liberally construed in favor of the petitioner." *State v. Dunlap*, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013). A court must conduct an evidentiary hearing on issues when a genuine issue of material fact exists. *Id.* One of the reasons claims in a petition for post-conviction relief may be summarily dismissed is if the petitioner's allegations do not justify relief as a matter of law. I.C. § 19-4906(c); *Sims v. State*, 159 Idaho 249, 253, 358 P.3d 810, 814 (2015).

Criminal defendants have a Sixth Amendment right to the effective assistance of counsel during all critical stages of a criminal proceeding, including sentencing. U.S. CONST. amend. VI. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Cuc Phuoc Ho v. State*, 163 Idaho 173, 177, 408 P.3d 928, 932 (Ct. App. 2017).

There is no genuine issue of material fact that Valdovinos' trial counsel failed to advise Valdovinos of the potential immigration consequences. Valdovinos' trial counsel submitted an affidavit admitting his failure to discuss immigration consequences. The district court treated Valdovinos' trial counsel's failure to mention adverse immigration consequences as a forgone conclusion. Instead, in its analysis, the district court focused on the trial court's notice to Valdovinos regarding the potential for immigration consequences. There is no need for an evidentiary hearing to present evidence of undisputed facts.

Even disregarding the district court's immigration consequence advisory, the deficient performance prong is dispositive. Counsel's failure to advise a client about "succinct, clear, and explicit" immigration consequences for a conviction is constitutionally deficient performance under the Sixth Amendment. *Padilla*, 559 U.S. at 368. In *Padilla*, the petitioner's defense counsel did not inform the petitioner that he was pleading to an aggravated felony that rendered him categorically deportable. *Id.* at 368-69. While immigration consequences can be complex, counsel in *Padilla* could have determined that Padilla's crime was an aggravated felony "simply from reading the text of the statute." *Id.* at 368. The Supreme Court held that counsel's failure to review the statute, and counsel's "false assurance" that the conviction would not result in removal from the country, constituted deficient performance. *Id.* at 368-69.

In this case, as noted, it is undisputed that Valdovinos' trial counsel did not inquire about Valdovinos' immigration status. The applicable immigration statute,[3] which is the same statute applied in *Padilla*, is "succinct, clear, and explicit" in defining the removal consequences for the felony convictions associated with controlled substances. 559 U.S. at 368. Valdovinos' trial counsel could have easily determined from the statute's text alone that Valdovinos' guilty plea would result in his eligibility for removal. Valdovinos argues that his trial counsel's failure to advise Valdovinos of the potential removal is sufficient to constitute deficient performance by his trial counsel and cannot be cured by a general admonition from the district court. Valdovinos cites *Cosio-Nava v. State*, 161 Idaho 44, 383 P.3d 1214 (2016) to support his argument. However, *Cosio-Nava* is distinguishable. Cosio-Nava's counsel knew of Cosio-Nava's immigration status and advised Cosio-Nava accordingly. But, Valdovinos' trial counsel did not have any knowledge of Valdovinos' status as a foreign national.

Thus, the dispute in this case is the extent to which Valdovinos' trial counsel had an obligation to make such an inquiry in the first place. Valdovinos argues that, considering the United States Supreme Court's decision in *Padilla*, his trial counsel had an affirmative duty to investigate Valdovinos' immigration status in an effort to provide correct advice regarding adverse immigration consequences.

The *Padilla* decision does not appear to impose a duty on counsel to determine whether his or her client is a noncitizen such that the failure to make this determination automatically

---

[3]    (a)    Classes of deportable aliens

Any alien (including an alien crewman) in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens:

> . . . .
> (2)    Criminal offenses
> . . . .
>> (B)    Controlled substances
>> (i)    Conviction
>> Any alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . is deportable.

8 U.S.C.A. § 1227(a)(2)(B)(i) (West).

9

constitutes deficient performance. 559 U.S. at 370 ("When attorneys know that their clients face possible exile from this country and separation from their families, they should not be encouraged to say nothing at all."). Instead, the United States Supreme Court has addressed whether advice about immigration consequences is under the purview of the Sixth Amendment. *See Chaidez v. United States*, 568 U.S. 342, 349 (2013) ("*Padilla* considered a threshold question: Was advice about deportation 'categorically removed' from the scope of the Sixth Amendment right to counsel."). Ultimately, *Padilla* concluded that "*Strickland* applies to Padilla's claim." *Chaidez,* U.S. at 353 (quoting *Padilla*, 559 U.S. at 366).

Because *Padilla* does not categorically impose a duty on counsel to determine whether his or her client is a noncitizen such that the failure to make this determination automatically constitutes deficient performance, Valdovinos has failed to allege a genuine issue of material fact entitling him to an evidentiary hearing on his ineffective assistance of counsel claim.

Alternatively, under a *Strickland* analysis, the district court was correct in not holding an evidentiary hearing. The *Strickland* test can be applied to many issues without breaking new ground or imposing new obligations. *Williams v. Taylor*, 529 U.S. 362, 391 (2000); *see also Rompilla v. Beard*, 545 U.S. 374, 381 (2005) ("A standard of reasonableness applied as if one stood in counsel's shoes spawns few hard-edged rules."). Under the *Strickland* reasonableness standard, there may be no obligation to inquire into a client's immigration status where counsel did not know or did not have reason to know that the client was a noncitizen. There may also be circumstances under which counsel's failure to inquire is unreasonable and amounts to deficient performance.

Here, the record is devoid of any evidence that would cause Valdovinos' trial counsel to question Valdovinos' citizenship status. Valdovinos argues that "discrepancies" in the PSI, specifically his place of birth, should have triggered his trial counsel to investigate his immigration status. According to Valdovinos, because the PSI indicates that he was born in Michoacan, Mexico, his trial counsel should have suspected potential immigration issues. However, the PSI also reports that Valdovinos: (1) is a United States citizen; (2) attended a school in California; (3) did not reside outside of the United States; (4) was employed in Washington; and (5) has extended family that resides in the United States. Moreover, during sentencing, Valdovinos confirmed that he had read the PSI, discussed it with his trial counsel, understood it, and had no

10

corrections. Given the circumstances, it was reasonable for Valdovinos' trial counsel not to inquire about Valdovinos' immigration status.

Consequently, the record establishes that Valdovinos did not meet his burden of alleging a genuine issue of material fact that his trial counsel's performance was deficient.

## C. Attorney Fees

Pursuant to I.C. § 12-121, Valdovinos requests an award of attorney fees incurred in connection with this appeal. Valdovinos' arguments were unsuccessful and therefore he is not entitled to an award of attorney fees.

## IV.

## CONCLUSION

Valdovinos has failed to meet his burden of proof to show that equitable tolling of the statute of limitations is necessary to protect his due process rights based on ineffective assistance of counsel. Valdovinos also failed to allege a genuine issue of material fact entitling him to an evidentiary hearing on his ineffective assistance of counsel claim. Accordingly, the district court's judgment summarily dismissing Valdovinos' petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.