30 P.3d 967

**Eric EVENSIOSKY, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 26675.

Supreme Court of Idaho,
Pocatello, May 2001 Term.

Aug. 2, 2001.

Stevan H. Thompson, Woolf, Combo & Thompson, Idaho Falls, for appellant. Stevan H. Thompson argued.

Hon. Alan G. Lance, Attorney General; Paul T. Krueger II, Deputy Attorney General, Boise, for respondent. Paul T. Krueger argued.

SCHROEDER, Justice.

Eric Evensiosky (Evensiosky) appeals the district court's order summarily dismissing his petition for post-conviction relief. The

Court of Appeals reversed the district court and remanded the case for further proceedings. This Court granted the state's petition for review. The decision of the district court is affirmed.

# I.

## BACKGROUND AND PRIOR PROCEEDINGS

Following a jury trial, Eric Evensiosky was convicted of Grand Theft and determined to be a persistent violator of the law. He was sentenced on December 21, 1995, to the custody of the State Board of Correction to serve a prison term. On May 22, 1996, the district court denied his motion for a new trial and motion for judgment of acquittal. Counsel for Evensiosky did not file a direct appeal. On June 26, 1997, while incarcerated, Evensiosky was moved from the Idaho correction facility to the Basile Detention Center in Louisiana.

On September 17, 1997, Evensiosky filed a pro se petition for post-conviction relief asserting ineffective assistance of counsel based on his attorney's failure to file an appeal. The district court issued a notice of intent to dismiss the petition as untimely pursuant to Idaho Code (I.C.) § 19–4902 and appointed Evensiosky counsel. Evensiosky filed an amended petition for post-conviction relief, again alleging ineffective assistance of counsel and responding to the district court's notice of intent to dismiss. The state filed an answer claiming the petition was untimely.

Evensiosky filed a motion for summary disposition, arguing no material issue of fact existed. Following a hearing and additional briefing, the district court denied Evensiosky's motion for summary disposition and dismissed the petition for post-conviction relief as untimely. The district court subsequently denied Evensiosky's motion to alter or amend. Evensiosky appealed. The Court of Appeals reversed the district court's dismissal and determined that Evensiosky's time for filing the petition for post-conviction relief should have been tolled during the time he was imprisoned in Louisiana and, therefore, was timely. This Court granted review.

# II.

## EVENSIOSKY'S POST–CONVICTION PETITION WAS NOT TIMELY.

### A. Standard of Review

█ When a case comes to us on a petition for review from the Court of Appeals, this Court reviews the opinion of the district court directly. *Raudebaugh v. State*, 135 Idaho 602, 21 P.3d 924 (2001). This Court accords the views of the Court of Appeals serious consideration, but is not bound by those views. *See Clements Farms, Inc. v. Ben Fish & Son*, 120 Idaho 185, 814 P.2d 917 (1991); *State ex rel. Evans v. Barnett*, 116 Idaho 429, 776 P.2d 438 (1989).

█ A petition for post conviction relief is civil in nature. "All rules and statutes applicable in civil proceedings including pretrial, discovery and appellate procedures are available to the parties." *Caswell v. State*, 121 Idaho 801, 828 P.2d 830 (1992) (citing I.C. § 19–4907). This Court's review of a district court's construction and application of a statute, the Uniform Post Conviction Procedure Act (UPCPA), is a matter of free review. *See Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct.App.1992) (citing *Hanks v. State*, 121 Idaho 153, 823 P.2d 187, 188 (Ct.App.1992)); *see also State v. Cheney*, 116 Idaho 917, 919, 782 P.2d 40, 41 (Ct.App.1989).

### B. The Petition For Post–Conviction Review Was Not Timely.

█ The judgment of conviction against Evensiosky was entered by the district court on December 21, 1995. The post-trial motions were denied on July 3, 1996. The time for filing a petition for post-conviction relief begins upon either the determination of a direct appeal or the expiration of the time for the filing of an appeal. I.C. § 19–4902. Idaho Appellate Rule 14(a) requires appeals be filed within forty-two (42) days of the filing of any appealable judgment, order, or decree of the district court—in this case forty-two days from the denial of the post-trial motions. Since no direct appeal was filed, the time for filing the petition began July 3, 1996, and, absent any tolling, ended on July 3, 1997.

Evensiosky's filed his petition on September 17, 1997, and his amended petition on December 12, 1997.

Evensiosky argues that the statute of limitations on his petition should be tolled because a discovery exception should apply and because he was denied meaningful access to Idaho courts. Evensiosky claims that he asked each of the four different attorneys who represented him through the course of these proceedings to file a notice of appeal. It was not until after the time for an appeal had passed, when he wrote to the Clerk of the Idaho Supreme Court twice in May of 1997, that he discovered that no appeal had been filed. His first letter was sent May 5, 1997. The Clerk of the Court responded on May 15, 1997, indicating that no direct appeal had been filed. On May 20, 1997, Evensiosky sent a second letter to the Clerk, who responded on June 2, 1997 that no appeal was filed. On June 3, 1997, Evensiosky sent a letter to the district judge requesting help. On June 6, 1997, the district judge responded, indicating he could not give legal advice.

### 1. The discovery exception

There is no discovery exception in I.C. § 19–4902, and the facts of this case do not warrant application of a discovery exception. I .C. § 19–4902 expressly limits a party's time to bring a claim for post-conviction review to one year. Further, Evensiosky discovered the basis for his claim in mid-May of 1997. This was well before his time for filing a post-conviction review petition expired on July 3, 1997.

### 2. The right of access to the courts

▇▇▇ Evensiosky claims his transfer to Louisiana deprived him of access to Idaho courts, which prevented him from bringing his claim within the time allowed. Access to courts is a fundamental right. *See Bounds v. Smith*, 430 U.S. 817, 827, 97 S.Ct. 1491, 1497, 52 L.Ed.2d 72 (1977); *see also Coleman v. State*, 114 Idaho 901, 762 P.2d 814 (1988). The right of access to courts has been grounded in the Due Process Clause of the United States Constitution. *See Martinez v. State*, 130 Idaho 530, 535, 944 P.2d 127, 132 (1997); *see also Murray v. Giarratano*, 492 U.S. 1, 11 n. 6, 109 S.Ct. 2765, 2771 n. 6, 106 L.Ed.2d 1 (1989). Due process affords pris-

oners "a limited right of access to the courts, to challenge their convictions or their confinement and to pursue actions for violations of their civil rights." *See State, Bureau of Child Support Services v. Garcia*, 132 Idaho 505, 510, 975 P.2d 793, 798 (Ct.App.1999) (citing *Bounds*, 430 U.S. at 821, 97 S.Ct. at 1494). The right of access ensures that a habeas petition or civil rights complaint of a person in state custody will reach a court for its consideration. *See Cornett v. Donovan*, 51 F.3d 894, 899 (9th Cir.1995). To facilitate an inmate's right of access to courts, prison authorities must assist inmates in preparing and filing "meaningful legal papers by providing prisoners with adequate prison law libraries or adequate assistance from persons trained in the law" during the pleading stage of an action. *Martinez*, 130 Idaho at 535, 944 P.2d at 132 (citing *Bounds*, 430 U.S. at 828, 97 S.Ct. at 1498). The general standard for analyzing prisoners' claims that their constitutional rights have been infringed is that "when a regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987); *see also Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Thornburgh v. Abbott*, 490 U.S. 401, 413, 109 S.Ct. 1874, 1881, 104 L.Ed.2d 459 (1989); and *Bounds v. Smith*, 430 U.S. at 821, 97 S.Ct. at 1494.

The record establishes that Evensiosky discovered the fact that an appeal had not been filed within the time allowed for the filing of a petition for post-conviction relief. Even if it were assumed that he did not have adequate access to the district court after his transfer to the facility in Louisiana, he had adequate time prior to that transfer to file a petition for post-conviction relief, as demonstrated by the fact that he wrote three letters and received responses to each from the Clerk of the Idaho Supreme Court and the district court judge. Thus, he had sufficient time while in Idaho to pursue his claim before the statute of limitations expired. Evensiosky's access to Idaho courts was not unduly restricted.

## III.

### CONCLUSION

The decision of the district court dismissing the petition for post-conviction relief is affirmed.

Chief Justice TROUT, Justices WALTERS and EISMANN concur.

Justice KIDWELL, dissenting.

Because I believe that a criminal defendant preparing his or her petition for post-conviction review is entitled to access the Idaho courts for the full statutory amount of time prior to the expiration of the limitations period, I respectfully dissent.

Assuming that Evensiosky understood that his appeal had not been filed on May 15, 1997, the date he received his first response from the Idaho Supreme Court, he was left with approximately seven weeks in which to prepare his appeal. For approximately six of the seven weeks, Evensiosky had access to the Idaho courts. For the final eight days prior to the expiration of the period, Evensiosky did not have realistic access to the Idaho courts, as he had been transferred to a facility in Louisiana.

I respectfully disagree with the majority's position that the six-week time period in which Evensiosky had access to the Idaho courts was a sufficient amount of time for him to prepare his petition. A defendant should be entitled to access the Idaho courts for the full amount of time provided by statute, regardless of a Court's subjective interpretation of how much time is needed for a petition to be completed.