**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47517**

| | |
|---|---|
| STEVEN MICHAEL RANKIN, | ) |
| | ) **Filed: March 3, 2021** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **SUBSTITUTE OPINION** |
| STATE OF IDAHO, | ) **THE COURT'S OPINION** |
| | ) **DATED FEBRUARY 3, 2021,** |
| Respondent. | ) **IS HEREBY WITHDRAWN.** |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, District Judge.

Order of the district court dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant. Andrea W. Reynolds argued.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent. Jeffery D. Nye argued.

_____

BRAILSFORD, Judge

Steven Michael Rankin appeals from the district court's order dismissing his petition for post-conviction relief as untimely under Idaho Code § 19-4902(a). Rankin asserts the court erroneously concluded his out-of-state incarceration did not equitably toll the statute of limitation. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury convicted Rankin of numerous charges including burglary, robbery, and attempted second degree murder. The district court imposed concurrent sentences, which in combination equaled an indeterminate life sentence with a minimum period of confinement of fifteen years. *State v. Rankin*, Docket No. 38974 (Ct. App. Jul. 18, 2012) (unpublished). Rankin appealed his

1

sentences, and this Court affirmed the judgment of conviction and the sentences and issued a remittitur in August 2012. *Id.* At some point, the Idaho Department of Correction transferred Rankin to a facility in Colorado for incarceration.

While incarcerated in Colorado, Rankin filed a pro se petition for post-conviction relief on September 25, 2014--more than one year after the statute of limitation had expired in August 2013. Rankin's petition alleges various claims, including that the judge slept through part of the trial; a juror should have been disqualified because the juror's employer also employed the victim's son; and the jury was allowed to discuss the trial outside the courtroom. Further, the petition alleges Rankin's trial counsel was ineffective because counsel never investigated any witnesses; never investigated whether the prosecutor persuaded a victim-witness to change her story; failed to address the prosecutor's statement about Rankin's DNA, which Rankin contends was contrary to the evidence; did not cross-examine any of the State's witnesses; and refused to allow Rankin to testify.

The district court filed a notice of intent to dismiss Rankin's petition as untimely. Thereafter, the State filed a motion to dismiss Rankin's petition as barred by the statute of limitation. Rankin responded, conceding his petition was untimely, but he argued due process required the one-year statute of limitation to be equitably tolled because he was denied "access to Idaho legal materials" while in Colorado.

The district court denied the State's motion to dismiss and ordered an evidentiary hearing to address whether the statute of limitation should be equitably tolled. Rankin was the only witness who testified at the hearing. After the hearing, the court entered an order dismissing Rankin's petition as untimely under I.C. § 19-4902(a). The court ruled Rankin failed to establish a valid basis to equitably toll the statute of limitation. In support of this ruling, the court found that Rankin was imprisoned in Idaho for fourteen months before being transferred to Colorado; Rankin was transferred to Colorado sometime "subsequent to the entry" of this Court's remittitur in his direct appeal; and "the evidence does not [establish] Rankin was denied sufficient access to the courts."

Rankin timely appeals.

2

## II.

## STANDARD OF REVIEW

When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the district court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter v. State*, 149 Idaho 859, 862, 243 P.3d 675, 678 (Ct. App. 2010). Further, our review of the district court's construction and application of the time limitation for filing a petition for post-conviction relief is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009).

## III.

## ANALYSIS

On appeal, Rankin challenges the district court's ruling that he failed to establish a basis to equitably toll the statute of limitation. The statute provides a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for an appeal; from the determination of an appeal; or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in the statute means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). When the determination of an appeal or of a proceeding following an appeal triggers the statute of limitation, "[t]he one-year period begins to run when the appellate court issues a remittitur." *Windom v. State*, 162 Idaho 417, 421, 398 P.3d 150, 154 (2017). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

Equitable tolling of the statute of limitation in a post-conviction case is allowed if necessary to protect the petitioner's due process right to have a meaningful opportunity to present his claims. *Schultz v. State*, 151 Idaho 383, 385-86, 256 P.3d 791, 793-94 (2011). "The standard for application of equitable tolling in post-conviction actions is a stringent one." *Id.* at

3

386, 256 P.3d at 794; *see also Mahler v. State*, 157 Idaho 212, 215, 335 P.3d 57, 60 (2014) (noting bar for equitable tolling in post-conviction cases is high).  The petitioner bears the burden of showing the circumstances warrant the tolling of the one-year statute of limitation.  *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

Equitable tolling is allowed if a petitioner is unable to timely file a petition for post-conviction relief due to extraordinary circumstances beyond his effective control or if some unlawful state action has hidden from the petitioner the facts underlying the claim.  *Schultz*, 151 Idaho at 386, 256 P.3d at 794; *see also Mahler*, 157 Idaho at 215, 335 P.3d at 60 (noting courts only apply equitable tolling in rare and exceptional circumstances beyond the petitioner's control).  Idaho courts have recognized equitable tolling of the statute of limitation for filing a post-conviction petition in two circumstances:  (1) where the petitioner was incarcerated in an out-of-state facility on an in-state conviction "without legal representation or access to Idaho legal materials"; and (2) where a mental disease or psychotropic medication renders a petitioner incompetent and prevents him from earlier pursuing challenges to his conviction.  *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206; *Schultz*, 151 Idaho at 386, 256 P.3d at 794.  Equitable tolling, however, is not allowed for "a petitioner's own inaction."  *Schultz*, 151 Idaho at 386, 256 P.3d at 794.  Further, that an attorney discouraged a petitioner from seeking post-conviction relief is not a valid basis to toll the statute of limitation.  *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

Even when a petitioner is incarcerated out-of-state without legal representation or access to Idaho legal materials, the imposition of the statute of limitation does not necessarily violate a petitioner's due process rights.  If the petitioner had adequate access to Idaho courts at some point during his incarceration before the expiration of the one-year statute of limitation, then equitable tolling may not be necessary to protect the petitioner's due process rights.  The Idaho Supreme Court reached this conclusion in *Evensiosky v. State*, 136 Idaho 189, 30 P.3d 967 (2001).  In that case, Evensiosky believed his counsel had filed a notice appealing his underlying conviction.  *Id*. at 191, 30 P.3d at 969.  Unbeknownst to Evensiosky, however, no direct appeal had been filed.  *Id.*  As a result, Evensiosky's deadline to file his petition for post-conviction relief expired on July 3, 1997.  *Id.*

Before Evensiosky's July 3 deadline to file his petition, he learned for the first time on May 15 that his counsel had failed to file an appeal on Evensiosky's behalf.  *Id.*  Thereafter--but also before the July 3 deadline to file his petition--Evensiosky was transferred from Idaho to

4

Louisiana for incarceration on June 26. *Id.* at 190, 30 P.3d at 968. On September 17, Evensiosky filed a pro se petition alleging ineffective assistance of counsel based on counsel's failure to file a direct appeal. *Id.* The district court dismissed Evensiosky's petition as untimely. *Id.* This Court reversed the dismissal, determining Evensiosky's out-of-state incarceration tolled the deadline to file his petition. *Id.* The Idaho Supreme Court granted review, disagreed with this Court's decision that equitable tolling applied, and affirmed the district court's dismissal of Evensiosky's petition as untimely. *Id.*

The Idaho Supreme Court in *Evensiosky* rejected Evensiosky's argument that his transfer to Louisiana deprived him of access to Idaho courts and prevented him from timely filing his petition. *Id.* at 191, 30 P.3d at 969. The Court assumed Evensiosky did not have access to the Idaho district court after his transfer to Louisiana, noted the record established he discovered his counsel had not filed a direct appeal before the one-year statute of limitation to file Evensiosky's petition expired on July 3, and concluded he had adequate time before his June 26 transfer to Louisiana to timely file his petition. *Id.* In other words, the Court concluded that between May 15 when Evensiosky discovered his counsel's failure to file a notice of appeal and June 26 when Evensiosky was transferred to Louisiana--a period of about six weeks--he had adequate access to Idaho courts to file his petition. *Id.*; *see also*, 136 Idaho at 192, 30 P.3d at 970 (Kidwell, J., dissenting) (disagreeing with majority's position that "six-week time period" was adequate access); *Mahler*, 157 Idaho at 216 n.6, 335 P.3d at 61 n.6 (noting *Evensiosky* stands for proposition petitioner is not deprived of due process if he had six weeks in Idaho to file petition before transfer out-of-state); *Schultz*, 151 Idaho at 386-87, 256 P.3d at 794-95 (same); *Gutierrez-Medina v. State*, 157 Idaho 34, 37, 333 P.3d 849, 852 (Ct. App. 2014) (same).

On appeal, Rankin contends he was "without legal representation or access to Idaho legal materials" while in Colorado.[1] Rankin does not dispute, however, that he did have access to Idaho legal materials while incarcerated in Idaho. For this reason, Rankin's argument focuses on whether the time during which he was incarcerated in Idaho provided him adequate access to

---

[1] Rankin's petition also alleges the statute of limitation should be tolled based on his mental incapacity and illiteracy. Ultimately, the district court granted Rankin's motion for a psychological evaluation; Rankin submitted the evaluation report at the evidentiary hearing; but the court ruled Rankin failed to establish "his mental condition actually prevented him from complying with the statute of limitation." On appeal, Rankin does not challenge this ruling.

Idaho courts.[2] As an initial matter, we consider Rankin's argument that the district court erred as a matter of law by "looking at the 14-month period" during which Rankin was incarcerated in Idaho before his transfer to Colorado as "the relevant period for purposes of equitable tolling." Rankin contends the relevant period for determining whether he had adequate access is limited to the time after this Court issued the remittitur in his underlying criminal appeal, triggering the one-year statute of limitation, until he was transferred to Colorado.

Whether the district court actually relied on the entirety of Rankin's incarceration in Idaho, as he asserts, to conclude he failed to prove "he was denied sufficient access to courts" is unclear from the record. The court made findings both about the entire period of Rankin's incarceration in Idaho before his transfer to Colorado and about the more limited period of time between the remittitur's issuance and his transfer to Colorado. Specifically, the court found that "Rankin had at least 14 months, prior to his transfer to Colorado, during which he was imprisoned in Idaho" and also that Rankin was transferred to Colorado "sometime in 2012, subsequent to the entry of the [r]emittitur." The court's decision, however, does not expressly state upon which timeframe it relies.

The district court's citation to *Evensiosky* in its decision for the proposition that "as little as six weeks" is adequate access to Idaho courts suggests the district court may have based its decision on the more limited period between the remittitur's issuance and Rankin's transfer to Colorado. Conceivably, however, Rankin could have benefited from access to Idaho legal materials while incarcerated in Idaho even before the remittitur triggered the statute of limitation

---

[2] At oral argument Rankin cited for the first time *Martinez v. State*, 130 Idaho 530, 944 P.2d 127 (Ct. App. 1997), quoting it for the proposition that "without either access to Idaho legal reference books, with which to research their rights and prepare their own pleadings, or the availability of representation by persons trained in Idaho law and procedure, prisoners would find the Art. I, § 18 guarantee that 'courts of justice shall be open to every person,' a hollow promise." *Id.* at 536, 944 P.2d at 133. Despite this description of inadequate access, the *Martinez* Court also more generally held the Idaho Constitution requires "adequate prison law libraries or adequate legal assistance" and concluded Martinez was deprived of adequate access to Idaho courts because he was imprisoned "without access to Idaho legal materials and without appointed counsel." Meanwhile, other cases generally refer simply to out-of-state imprisonment "without legal representation or access to Idaho legal materials" as inadequate access to Idaho courts. *See, e.g.*, *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (2011); *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (2009). The nature of the legal materials and representation to which Rankin had access while incarcerated in either Idaho or Colorado, however, is not at issue on appeal. Accordingly, we do not address what type of legal materials and representation constitutes adequate access to Idaho courts.

6

for his post-conviction claims. By the conclusion of his trial, Rankin was aware of most, if not all, of the facts upon which he premises those claims. These facts include, for example, that the judge purportedly slept during the trial; a juror should have been disqualified; and the jury discussed the trial outside the courtroom. Further, by the conclusion of the trial, Rankin was aware that his trial counsel was ineffective for failing to investigate witnesses; failing to investigate the prosecutor's purported improper conduct; failing to cross-examine the State's witnesses; and refusing to allow Rankin to testify. *See Schultz*, 151 Idaho at 387, 256 P.3d at 795 (noting petitioner was aware of underlying facts giving rise to claims no later than conclusion of criminal trial and was not prevented from asserting claims any time after judgment of conviction); *Cuc Phuoc Ho v. State*, 163 Idaho 173, 179, 409 P.3d 928, 934 (Ct. App. 2017) ("[I]neffective assistance of counsel claims can or should be known after trial.").

For purposes of this case, we decline to decide whether the relevant time period is the entirety of Rankin's incarceration in Idaho before his transfer to Colorado. Rather, we limit our equitable tolling analysis--as Rankin urges--to the more limited timeframe between the remittitur's issuance and Rankin's transfer to Colorado.[3] Addressing this timeframe, Rankin argues the district court clearly erred by finding he was transferred to Colorado "subsequent to the entry of the [r]emittitur." In support, Rankin asserts that "there is no evidence in the record [establishing] whether [he] was transferred to Colorado before or after the issuance of the remittitur."

While we disagree with Rankin that there is no evidence in the record regarding when he was transferred to Colorado, we conclude he failed to present substantial and competent evidence of the date of that transfer. The only evidence Rankin offered to establish the date of his transfer was his own testimony, and he generally and inconsistently testified both that he was transferred before and after the remittitur issued. For example, on cross-examination, Rankin testified that

---

[3]     The Idaho Supreme Court's decision in *Evensiosky v. State*, 136 Idaho 189, 30 P.3d 967 (2001), offers some support for Rankin's position that the relevant timeframe is between the remittitur's issuance and his transfer to Colorado. Nevertheless, Rankin attempts to distinguish *Evensiosky* on the grounds that Evensiosky purportedly had access to Idaho legal materials for fifty-one weeks while incarcerated in Idaho before being transferred to Louisiana. Rankin's argument misconstrues *Evensiosky*, which focused on the six weeks Evensiosky was incarcerated in Idaho after learning his counsel failed to file a notice of appeal and before his transfer to Louisiana. *Id.* at 191, 30 P.3d at 969. Further, Rankin's characterization of *Evensiosky* contradicts his assertion that the relevant timeframe for the equitable tolling analysis is *not* the entire period of his incarceration in Idaho before his transfer to Colorado.

he "got shipped" to Boise around August or September 2011 and that he was in Boise for "a year to a year and a half"; he was transferred to Colorado around "the middle" of 2012; he arrived in Colorado "close to September" 2012; and he had been in Colorado for "a couple of months" as of December 2012. On redirect, however, Rankin agreed that he had "clearly indicated" to his prior counsel that he was "transferred to [Colorado] in early 2012." Also on redirect, Rankin generally disclaimed his testimony about dates by admitting he did not really remember dates.

Based on Rankin's testimony, the district court found generally that "sometime in 2012, subsequent to the entry of the [r]emittitur, Rankin was transferred to a prison facility in Colorado." While Rankin argues no evidence supports this finding, he also argues, somewhat inconsistently, that the evidence shows he "was imprisoned in Idaho zero to six weeks following the issuance of the remittitur." Both of Rankin's arguments--that no evidence establishes when he was transferred to Colorado or, alternatively, that the evidence inconclusively shows he was transferred "zero to six weeks" after the remittitur's issuance--are concessions that Rankin failed to present substantial and competent evidence of when he was actually transferred to Colorado.

Absent substantial and competent evidence showing when Rankin was transferred to Colorado, Rankin has failed to meet his burden of proof regarding the amount of time he had access to Idaho legal materials after the remittitur issued but before his transfer. Likewise, he has failed to meet his burden of proof that this unspecified access was inadequate to protect his due process rights and satisfies the stringent standard for equitable tolling. Further, in addition to failing to meet his burden of proof, the record reveals that, while incarcerated in Colorado, Rankin communicated with counsel in Idaho regarding pursuing post-conviction relief and ultimately filed a pro se petition utilizing an Idaho form. Rankin presented no evidence explaining why he could not have done so within the statute of limitation. *See Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009) (concluding petitioner's court filings "demonstrated that he had the capacity to submit an adequate and timely pro se petition for post-conviction relief had he chosen to do so, even if he might later need legal assistance to adequately pursue the action").

Further complicating any analysis of the adequacy of Rankin's access to Idaho legal materials before his transfer to Colorado is the district court's and Rankin's reliance on August 17, 2012, as the date the remittitur issued. That date is incorrect. The remittitur did not issue on August 17; rather, this Court issued the remittitur approximately two weeks earlier on

August 1. The appellate record clearly establishes August 1 as the remittitur's date. For example, the State requested that the district court take judicial notice that the remittitur issued on August 1. Then, Rankin expressly acknowledged the remittitur issued on August 1 in his brief to the district court requesting equitable tolling of the statute of limitation and attached the August 1 remittitur to that brief as an exhibit.

Despite Rankin's prior acknowledgements that the remittitur issued on August 1, on appeal Rankin adopts and relies upon the district court's error to argue in his opening brief that he only had access to Idaho legal materials between August 17 and the unestablished date of his transfer to Colorado. Rankin does not clarify his argument on reply after the State notes in its response brief that August 1, not August 17, is the actual date of remittitur. Instead, Rankin simply notes the State also inaccurately stated the remittitur was dated August 17 in its post-evidentiary briefing to the district court. That the district court, Rankin, and the State all inaccurately stated the remittitur's date as August 17, however, does not change either the actual date of the remittitur or that the one-year statute of limitation began to run on August 1, 2012. *See Windom*, 162 Idaho at 421, 398 P.3d at 154 ("The one-year period begins to run when the appellate court issues a remittitur."). On appeal, Rankin fails to make any cogent argument that his access to Idaho legal materials between the remittitur's actual date of August 1 and his transfer to Colorado requires equitable tolling of the statute of limitation.[4]

Rankin also criticizes the State for not "point[ing] to any evidence in the record that supports the district court's finding that [Rankin] was transferred after the remittitur was issued" and argues that "*if* [Rankin] was transferred from Idaho to Colorado before the [remittitur] in his direct appeal issued," then he "surely is entitled to equitable tolling." (Emphasis added.) These arguments overlook that Rankin had the burden of showing the time during which he had access to Idaho legal materials was inadequate to protect his due process rights. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206 (noting petitioner bears burden of showing circumstances warranting tolling). Meeting this burden necessarily required Rankin--not the State--to prove the period of time during which he actually had access to Idaho legal materials and that the access was inadequate for purposes of protecting his due process rights. Having failed to meet that burden,

---

[4] During oral argument, Rankin acknowledged the remittitur's actual August 1 date by asserting he was imprisoned in Idaho from "zero to eight weeks" following the remittitur's issuance.

Rankin failed to demonstrate extraordinary circumstances beyond his control denying him a meaningful opportunity to present his claims and requiring the application of equitable tolling.

## IV.

## CONCLUSION

Rankin failed to meet his burden of proof to show equitable tolling of the statute of limitation is necessary to protect his due process rights. Accordingly, the district court's order dismissing Rankin's untimely petition for post-conviction relief is affirmed.

Judge GRATTON and Judge LORELLO **CONCUR**.