IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 49305

| | | |
|---|---|---|
| BRANDON TYLER BAHR, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | **Boise, May 2023 Term** |
| v. | ) | |
| | ) | **Opinion Filed: June 28, 2023** |
| STATE OF IDAHO, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| Respondent. | ) | |
| _____ | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Peter G. Barton, District Judge.

The decision and judgment of the district court is <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for Appellant. Andrea Reynolds argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Kacey Jones argued.

_____

BRODY, Justice.

Brandon Bahr appeals from the district court's summary dismissal of his untimely petition for post-conviction relief. Bahr filed his untimely petition roughly two years after the one-year statute of limitations had expired. The State responded with a motion seeking summary dismissal. Bahr opposed dismissal and argued that the limitations period should be equitably tolled based on his alleged lack of access to the Idaho courts while transferred to, and incarcerated in, Texas prison facilities. The district court granted the State's motion for summary dismissal. Bahr appeals and argues that the district court erred by denying him equitable tolling, and by declining to hold an evidentiary hearing concerning whether Bahr lacked access to the Idaho courts while incarcerated in Texas. For the reasons set forth below, we affirm. Even if Bahr was denied access to the Idaho

1

courts while in Texas, a fact which we have not determined, he is not entitled to equitable tolling because he failed to allege any diligent efforts to pursue his rights while in Texas.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In April 2016, a jury convicted Bahr of first-degree murder, grand theft, and petit theft. Roughly two months later, in June 2016, the district court imposed a unified life sentence against Bahr with twenty-five years determinate for first-degree murder, a concurrent unified fourteen-year sentence with seven years determinate for grand theft, and a concurrent sentence of 180 days for the misdemeanor petit theft. About one and a half years after that, in January 2018, Bahr's judgment of conviction and sentences were affirmed on direct appeal in *State v. Bahr*, 163 Idaho 433, 414 P.3d 707 (Ct. App. 2018). The remittitur was issued three months later, on April 13, 2018.

Three years after the remittitur was issued, on April 12, 2021, Bahr filed a pro se petition for post-conviction relief and an affidavit in support of his petition. It is undisputed that based on the remittitur date, the one-year statute of limitations under Idaho Code section 19-4902(a) for filing a petition had previously expired on April 13, 2019—nearly two years before Bahr filed his petition. The claims in Bahr's petition are all trial-related. Bahr's petition alleges the trial court failed to "seat a fair and impartial jury" and "to set the ground rules for evidentiary procedure for the petitioner." Bahr's petition also alleges his trial counsel provided constitutionally ineffective assistance for allegedly not moving to suppress his confession, not calling several witnesses who had given statements to police, and not calling an expert witness to testify in Bahr's favor.

One month after Bahr's petition was filed, the State moved for summary dismissal of the petition as time barred under Idaho Code section 19-4902(a). Through appointed counsel, Bahr opposed the State's motion, and filed his affidavit in support of his position that the limitations period should be equitably tolled based on his lack of access to the Idaho courts when the one-year period expired while he was incarcerated in Texas. According to the record on appeal, Bahr was transferred from Idaho to a penal facility in Karnes County, Texas, on June 12, 2018 (60 days after the remittitur was issued); Bahr was then transferred from Karnes County, Texas, to a contract prison facility in Eagle Pass, Texas, on March 21, 2019 (342 days after the remittitur was issued); and Bahr was then transferred from Eagle Pass, Texas, to a contract prison facility in Arizona on August 25, 2020 (865 days after remittitur was issued). The one-year limitations period had previously expired one month into Bahr's stay at the facility in Eagle Pass, Texas.

2

According to Bahr, neither facility in Texas provided a "law library or paralegal support[.]" However, after arriving in Arizona, he was able to complete the "necessary research" and file his petition on April 12, 2021, roughly nine months after his arrival. Nothing in Bahr's petition or the record on appeal shows Bahr alleged any efforts he made while in Texas to access the Idaho courts to pursue his post-conviction rights, or that he ever requested access to legal materials, or the assistance of a person trained in the law while in Texas.

In reply to Bahr's showing, the State filed a motion for judicial notice of the records in the underlying criminal case, along with an affidavit from Monte Hansen, an Idaho Department of Correction Contract Facility Monitor. Hansen stated that he had monitored "both the Karnes County and Eagle Pass, Texas[,] contract prison facilities during the periods Bahr was housed in them." According to Hansen's affidavit, the Karnes County facility "had a computer with Lexis/Nexus legal access available to inmates during the time Bahr was housed" there—and the Eagle Pass facility had a librarian and a library with three "computers with Lexis/Nexus legal access available to inmates during the time Bahr was housed in that facility." Hansen also stated that he had "addressed written inquiries from Bahr regarding property[,]" but had "never received any written inquiry from Bahr seeking additional access to a law library or access to persons trained in the law."

After the briefing was completed, the district court held a hearing on the State's motion for summary dismissal and heard oral argument. Less than two months later, in a written decision, the district court granted both the State's motion for judicial notice and the State's motion for summary dismissal of Bahr's petition. The district court determined that, under the circumstances, Bahr was not entitled to equitable tolling; thus, rendering his petition untimely. After analyzing various time frames, and through its self-identified discretion on whether to grant equitable tolling, the district court articulated two independent grounds for granting summary dismissal.

First, the district court concluded that the sixty days Bahr spent in Idaho from issuance of the remittitur to his first transfer to a Texas facility was an "adequate" amount of time to allow Bahr a meaningful opportunity to timely present his post-conviction claims. The district court looked to this Court's decision in *Evensiosky v. State*, 136 Idaho 189, 30 P.3d 967 (2001), where we determined—under similar circumstances—that a six-week period of access in Idaho was adequate or sufficient to deny equitable tolling. Second, although there appeared to be a material dispute of fact, the district court found that the affidavit from Hansen was more "credible" and the

"weight of the evidence" between Bahr's and Hansen's affidavits factually demonstrated that Bahr did have "access to Idaho legal materials while in Texas."

Bahr timely appealed the district court's summary dismissal on both grounds.

## II.  STANDARD OF REVIEW

A petition for post-conviction relief initiates a civil proceeding. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009). A court may grant a motion for summary dismissal of a petition for post-conviction relief "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). In other words, the standard of review over a grant of summary dismissal is akin to the standard of review in civil cases when summary judgment is granted:

> In determining whether a motion for summary disposition is properly granted, a court must review the facts in a light most favorable to the petitioner, and determine whether they would entitle petitioner to relief if accepted as true. A court is required to accept the petitioner's unrebutted allegations as true, but need not accept the petitioner's conclusions. The standard to be applied to a trial court's determination that no material issue of fact exists is the same type of determination as in a summary judgment proceeding.

*State v. Hall*, 163 Idaho 744, 815, 419 P.3d 1042, 1113 (2018) (quoting *Saykhamchone v. State*, 127 Idaho 319, 321, 900 P.2d 795, 797 (1995)).

A post-conviction petitioner "is ordinarily *not* entitled to an evidentiary hearing at which testimony will be taken unless the applicant has shown the existence of a factual issue for trial." *Anderson v. State*, 133 Idaho 788, 793, 992 P.2d 783, 788 (Ct. App. 1999) (emphasis in original).

## III.  ANALYSIS

On appeal, Bahr challenges the district court's decision granting summary dismissal of his petition on two grounds. First, Bahr argues that the sixty days of access to Idaho courts that Bahr enjoyed from issuance of the remittitur to his out-of-state transfer causing his alleged lack of access was, under *Evensiosky v. State*, 136 Idaho 189, 30 P.3d 967 (2001), a constitutionally inadequate amount of time in which to timely file his petition under the circumstances. Second, if the Court agrees the sixty days of access before transfer was inadequate, then the district court erred in crediting Hansen's affidavit over Bahr's when the correct procedure was to hold an evidentiary hearing to resolve the disputed issue of material fact regarding Bahr's access to Idaho courts while in Texas.

4

The State responds that, based on *Evensiosky*, the sixty days Bahr was afforded access to Idaho courts before his transfer to Texas was more than adequate, and even if it was inadequate, summary dismissal was appropriate because it is undisputed that there were computer(s)—as opposed to a law library—with legal research capabilities through "Lexis/Nexus" at both of the Texas facilities which Bahr could have used to timely file his petition. The State also argues that whether Bahr was in fact denied access to the Idaho courts while incarcerated in Texas is beside the point because Bahr's own "lack of diligence" caused or contributed to the untimeliness of his petition. Without any showing by Bahr of reasonable diligence while in Texas to obtain access to timely file his petition, the State maintains that equitable tolling to allow his untimely petition must be denied.

Although we disavow the district court's improper weighing and crediting of Hansen's affidavit over Bahr's at the summary dismissal stage to resolve a disputed question of material fact over whether Bahr lacked access to the Idaho courts while incarcerated in Texas, *see Mahler v. State*, 157 Idaho 212, 214, 335 P.3d 57, 59 (Ct. App. 2014), Bahr is still not entitled to relief on his appeal. For the reasons discussed below, even if Bahr's access to the Idaho courts was somehow limited while incarcerated in Texas, he has failed to make *any* showing that he diligently pursued his rights in an attempt to timely file his petition while in Texas. Without this showing, equity cannot come to his aid to toll the statute of limitations. Thus, we affirm the district court's summary dismissal of Bahr's petition as time barred.

Under Idaho Code sections 19-4906(c) and 19-4902(a), "[t]he failure to file a timely petition is a basis for summary dismissal of a post-conviction petition." *Mahler*, 157 Idaho at 214, 335 P.3d at 59. The statute of limitations in a non-capital case requires that a post-conviction petition be filed within one year "from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." I.C. § 19-4902(a). When there has been a direct appeal, and the petition is the first petition for post-conviction relief (as in this case), "[t]he one-year period begins to run when the appellate court issues a remittitur." *Windom v. State*, 162 Idaho 417, 421, 398 P.3d 150, 154 (2017). However, "[e]quitable tolling may excuse the untimely filing of a petition for post-conviction relief." *Mahler*, 157 Idaho at 215, 335 P.3d at 60.

As a preliminary matter, there is some confusion on the appropriate standard of review over a district court's decision on whether to grant equitable tolling, given a particular set of

assumed facts at summary dismissal—or facts found after an evidentiary hearing. The district court self-described its decision as discretionary, as have the parties on appeal by invoking our abuse of discretion standard of review. *See Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). Contrary to this, the Court of Appeals has reviewed a district court's decision on whether to grant equitable tolling, given a particular set of facts about lack-of-access to the courts, under a de novo standard of review. *See, e.g.*, *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009) (affirming the denial of equitable tolling); *Schultz v. State*, 151 Idaho 383, 385–87, 256 P.3d 791, 793–95 (Ct. App. 2011) (affirming the denial of equitable tolling); *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009) (reversing the grant of equitable tolling as "error" under the same set of facts before the district court).

Indeed, the Court of Appeals recently reiterated that a district court's "construction and *application* of the time limitation for filing a petition for post-conviction relief is a matter of free review." *Rankin v. State*, 170 Idaho 463, 465, 512 P.3d 161, 163 (Ct. App. 2021) (emphasis added). Notably, if the decision on whether to grant equitable tolling involves predicate findings of fact, those findings are not disturbed on appeal if supported by substantial and competent evidence. *See Chico-Rodriguez v. State*, 141 Idaho 579, 582–83, 114 P.3d 137, 140–41 (Ct. App. 2005). Otherwise, in the equitable tolling context, the Court of Appeals has said it exercises free review over "the district court's application of the relevant law to the facts." *Rankin*, 170 Idaho at 465, 512 P.3d at 163.

Although we have never explicitly stated it before, the Court of Appeals' de novo standard of review over whether to grant equitable tolling, given a set of assumed facts or facts found, is correct. *See Evensiosky*, 136 Idaho at 190–92, 30 P.3d at 968–70 (implicitly reviewing de novo the district court's decision on whether to grant equitable tolling, given the same set of facts); *see also Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (explaining that, in the federal habeas context, if the "facts underlying a claim for equitable tolling are undisputed, the question of whether the statute of limitations should be equitably tolled is also reviewed de novo"); *accord Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006). The legal conclusion to be drawn from the specific factual circumstances of a case—i.e., whether equitable tolling should be granted on a set of facts—"must be made on a case-by-case basis." *Holland v. Florida*, 560 U.S. 631, 649–50 (2010); *see Charboneau v. State*, 144 Idaho 900, 904–05, 174 P.3d 870, 874–75 (2007) (explaining that in successive post-conviction cases, whether the limitations period is equitably tolled because

6

the successive petition was filed within a "reasonable time" is considered "on a case-by-case basis").

In this case, the district court never made findings of fact that require our deference under the substantial and competent evidence standard because it summarily dismissed Bahr's petition without holding an evidentiary hearing. Thus, we can properly assume Bahr lacked all access to the Idaho courts while incarcerated in Texas, as Bahr has alleged, and then review the district court's decision denying equitable tolling on these assumed facts de novo. With this clarified, we now turn to refining the standard for evaluating whether a post-conviction petitioner is entitled to equitable tolling of the statute of limitations in Idaho Code section 19-4902(a).

The standard for equitable tolling has two basic prongs, no different than the federal standard for equitably tolling an untimely habeas petition: "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Holland*, 560 U.S. at 649; *see Chico-Rodriguez*, 141 Idaho at 582, 114 P.3d at 140; *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206; *Leer*, 148 Idaho at 115, 218 P.3d at 1176; *Amboh v. State*, 149 Idaho 650, 653, 239 P.3d 448, 451 (Ct. App. 2010); *Schultz*, 151 Idaho at 386, 256 P.3d at 794; *Gutierrez-Medina v. State*, 157 Idaho 34, 36–37, 333 P.3d 849, 851–52 (Ct. App. 2014); *Cuc Phuoc Ho v. State*, 163 Idaho 173, 179, 408 P.3d 928, 934 (Ct. App. 2017); *Rankin*, 170 Idaho at 465, 512 P.3d at 163. Critically, "[a] petitioner is not entitled to equitable tolling based on a showing of either extraordinary circumstances or diligence alone; the petitioner must establish *both*." *Arthur*, 452 F.3d at 1252 (emphasis added).

Stating the same standard but in a different way, the Court of Appeals has summarized these two basic prongs required for equitable tolling as follows:

> Idaho appellate courts have not permitted equitable tolling where the post-conviction petitioner's own lack of diligence caused or contributed to the untimeliness of the petition. Rather, in cases where equitable tolling was allowed, the petitioner was alleged to have been unable to timely file a petition due to extraordinary circumstances beyond his effective control, or the facts underlying the claim were hidden from the petitioner by unlawful state action[.]

*Amboh*, 149 Idaho at 653, 239 P.3d at 451 (citations omitted).

Under the "extraordinary circumstance" prong, one such circumstance occurs when a petitioner's right of access to the courts, rooted in due process, is denied through incarceration in

7

a facility without " 'adequate prison law libraries or adequate assistance from persons trained in the law' during the pleading stage of an action." *Evensiosky*, 136 Idaho at 191, 30 P.3d at 969 (quoting *Martinez v. State*, 130 Idaho 530, 535, 944 P.2d 127, 132 (Ct. App. 1997) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977))). The right of access to the courts protects an inmate's ability to meaningfully present challenges to the legality of their conviction, *Bounds*, 430 U.S. at 821, and ensures that a habeas or post-conviction petition from "a person in state custody will reach a court for its consideration[,]" *see Evensiosky*, 136 Idaho at 191, 30 P.3d at 969 (citing *Cornett v. Donovan*, 51 F.3d 894, 899 (9th Cir. 1995)).

However, in *Lewis v. Casey*, the United States Supreme Court clarified that the right of "access to the courts" as recognized in *Bounds* did not establish an "abstract, freestanding right to a law library or legal assistance[.]" 518 U.S. 343, 350–51 (1996). Instead, *Bounds* simply acknowledged "the (already well-established) right of *access to the courts*." *Id*. at 350 (emphasis in original). In other words, prison law libraries and legal assistance programs "are not ends in themselves," under the right of access to the courts, "but only the means for ensuring a 'reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.' " *Id*. at 351 (quoting *Bounds*, 430 U.S. at 825). *Bounds* expressly allows for "alternative means to achieve that goal." *Lewis*, 518 U.S. at 351 (quoting *Bounds*, 430 U.S. at 830).

Turning to the "diligence" prong, this requirement is rooted in equity's long established principle of "refus[ing] to interfere where there has been gross laches in the prosecution of rights[.]" *Pace*, 544 U.S. at 419 (quoting *McQuiddy v. Ware*, 87 U.S. 14, 19 (1874)); *see Ryan v. Woodin*, 9 Idaho 525, 531, 75 P. 261, 262 (1904) ("Courts of equity discourage antiquated demands by refusing to interfere where there has been gross laches in prosecuting a claim, or long acquiescence in the assertion of adverse rights."); *see, e.g.*, *Amboh*, 149 Idaho at 653, 239 P.3d at 451 ("Amboh's failure to file a timely petition raising his claim of ineffective assistance of counsel was not due to an extraordinary circumstance beyond his control, but by his own lack of diligence."). Accordingly, a petitioner must make "a sufficient allegation of reasonable diligence" that the petitioner attempted to timely file—*during the period the extraordinary circumstance allegedly stood in the way*—because "[i]t is well settled that a party cannot by his own negligence defer the running of [a] statute [of limitations]." *Ryan*, 9 Idaho at 529, 531, 75 P. at 261, 262; *see Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006).

8

This brings us to an important point of clarification: Whether to grant equitable tolling does not summarily turn on whether there was constitutionally "adequate" or "sufficient" time—in the abstract—for the petitioner to timely file *before* the extraordinary circumstance occurred. *See Evensiosky*, 136 Idaho at 191, 30 P.3d at 969 (holding that six weeks of access to the Idaho courts before an out-of-state transfer provided "adequate" or "sufficient time while in Idaho [for the petitioner] to pursue his claim before the statute of limitations expired").

Instead, the analysis turns on whether an extraordinary circumstance occurred at all, and what the petitioner was doing *during that extraordinary circumstance* to diligently pursue his rights and warrant the aid of equity. *See Spitsyn*, 345 F.3d at 802; *Roy*, 465 F.3d at 973. Indeed, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d. Cir. 2000).

As for its operation, equitable tolling "pauses the running of, or 'tolls,' a statute of limitations[,]" *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014) (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)), to effectively extend an otherwise "discrete limitations period" set by the legislature, *see Lozano*, 572 U.S. at 10. However, once the basis for equitable tolling ends—e.g., the extraordinary circumstance no longer exists *or* the petitioner is no longer diligently pursuing his rights—then the clock resumes, and the petitioner "must file within the amount of time left in the limitations period[.]" *See Artis v. District of Columbia*, 138 S. Ct. 594, 601 n.5 (2018). "Principles of equitable tolling usually dictate that when a time bar has been suspended [i.e., stopped] and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *United States v. Ibarra*, 502 U.S. 1, 4 n.2 (1991) (per curiam) (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–53 (7th Cir. 1990) (explaining the difference between accrual, the discovery rule, equitable tolling, and equitable estoppel in the context of a statute of limitations)).

In the federal habeas context, the "degree of specificity to which the petitioner must allege diligence" during the alleged extraordinary circumstance to survive summary dismissal varies among the federal circuits. *Equitable tolling—Extraordinary circumstances—Absence of legal materials in prison library*, Postconviction Remedies § 25:47 (Aug. 2022). *Compare Roy v.*

9

*Lampert*, 465 F.3d 964, 973 (9th Cir. 2006) (rejecting a test that would require a petitioner to allege specific dates his actions were taken towards filing before granting an evidentiary hearing); *with Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (requiring a petitioner to allege "details of the specific actions taken toward filing[,]" when he discovered the law library's alleged deficiency, any "independent efforts" made to determine "when the relevant limitations period began to run," and "how the prison 'thwarted his efforts' " (citation omitted)).

Here, even under the "relatively lenient pleading standard" of the Ninth Circuit, Postconviction Remedies § 25:47, we affirm the district court's summary dismissal. Bahr failed to allege *any* diligent efforts on his part while incarcerated in Texas to pursue his post-conviction remedies and timely file a petition before the one-year limitations period under Idaho Code section 19-4902(a) expired. Instead, Bahr's affidavit in support of his petition is entirely silent as to his own diligence. Thus, even assuming, arguendo, that Bahr was denied all access to the Idaho courts while incarcerated in Texas, there is no basis to grant Bahr equitable tolling when he never alleged he reasonably and diligently attempted to timely file before the limitations period ran. Without any facial showing of diligence by Bahr, there is no basis to equitably toll the limitations period.

## VI. CONCLUSION

For the reasons set forth above, the district court's judgment and decision summarily dismissing Bahr's petition for post-conviction relief is affirmed.

Chief Justice BEVAN, and Justices STEGNER, MOELLER, and ZAHN CONCUR.