**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50167**

| | |
|---|---|
| CHARLES KEITH TALLMAN, | ) |
| | ) **Filed: May 15, 2024** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara Buchanan, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Charles Keith Tallman, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Charles Keith Tallman appeals from the district court's final judgment summarily dismissing his petition for post-conviction relief. Tallman argues the district court erred by summarily dismissing his petition because the district court could have considered his claims. The judgment and order summarily dismissing his petition for post-conviction relief is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Tallman was convicted of lewd conduct with a minor under sixteen years of age. He was sentenced on December 12, 2016, to a unified term of ten years, with two years determinate. Tallman did not appeal his judgment of conviction. Tallman was paroled on April 23, 2018. Tallman lived in various places, had on-going health issues, and ultimately was transferred from a hospital in Boise to a nursing facility in Blaine County where he registered as a sex offender.

1

Blaine County was outside Tallman's designated parole area. Tallman was arrested for violating his parole by leaving his designated area; parole was subsequently revoked.

Tallman filed a petition for post-conviction relief and a motion for appointment of counsel. In the post-conviction petition, Tallman alleged his parole had been improperly revoked. The district court issued a notice of intent to dismiss the petition. Therein, the district court first addressed, and denied, Tallman's request for appointment of counsel, finding the claims to be so lacking merit that the appointment of counsel was not warranted. The district court then addressed the claims in the post-conviction petition, holding that the claims were untimely filed, as the time for filing the petition--one year and forty-two days after the judgment of conviction was entered-- had expired prior to the filing of the petition. As to the substance of the claims, the district court held it did not have jurisdiction to address any claims regarding parole revocations.

Tallman filed a response to the district court's notice of intent to dismiss. Therein, Tallman asserted that he had mental health issues, so his sentence should have been an involuntary commitment to a mental health facility rather than a prison sentence; the Idaho Board of Corrections and the Commission of Pardons and Parole unlawfully seized him; his "plea contract" limited his restriction to a community setting; and generalized claims of due process violations.

The district court summarily dismissed the petition and Tallman appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

The district court provided two alternate bases for dismissing the petition: (1) the petition was untimely filed as to any claim arising from the judgment of conviction; and (2) the district court had no jurisdiction to entertain challenges to the revocation of Tallman's parole.

2

Idaho Code Section 19-4902 sets forth the time for filing a petition for post-conviction relief:

> A proceeding is commenced by filing an application verified by the applicant with the clerk of the district court in which the conviction took place. An application may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later.

Idaho has long recognized that the failure to file a timely petition is a basis for summary dismissal of a post-conviction petition. *Bahr v. State*, 172 Idaho 373, 378, 533 P.3d 282, 287 (2023). Here, Tallman's judgment of conviction was entered on December 12, 2016. The district court concluded that Tallman had until January 18, 2018, to file his petition for post-conviction relief. Tallman's petition was filed August 15, 2022, well beyond that deadline. Tallman provided no argument or reasons why the filing deadline should be tolled. As such, the district court did not err in summarily dismissing the petition.

The substance of Tallman's petition raised various claims regarding the revocation of his parole. The district court held that it did not have jurisdiction to address any issues regarding Tallman's parole. The district court was correct. The appropriate mechanism to challenge the legality of a parole revocation is by filing a petition for habeas corpus, not a petition for post-conviction relief. *Caldwell v. State*, 159 Idaho 233, 241, 358 P.3d 794, 802 (Ct. App. 2015) (noting that state habeas corpus proceeding, not a petition for post-conviction relief, is the proper avenue for raising Eighth Amendment claims regarding a petitioner's conditions of confinement); *Warren v. Craven*, 152 Idaho 327, 329, 271 P.3d 725, 727 (Ct. App. 2012) (holding that questions regarding conditions of confinement, revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the defendant are properly pursued in a petition for habeas corpus). Consequently, the district court did not err in concluding it did not have jurisdiction to address Tallman's substantive claims regarding the revocation of his parole in a petition for post-conviction relief.

## IV.

## CONCLUSION

The district court did not err in summarily dismissing Tallman's petition for post-conviction relief on the grounds of untimeliness and the lack of jurisdiction over the substantive

claims. The order and judgment summarily dismissing Tallman's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.