**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47815**

| | |
|---|---|
| ALFREDO HOLGUIN ROMAN, | ) |
| | ) **Filed: November 4, 2021** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment summarily dismissing fourth successive petition for post-conviction relief, <u>affirmed</u>.

Alfredo Holguin Roman, Eloy, Arizona, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Alfredo Holguin Roman appeals from the district court's summary dismissal of his fourth successive petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 9, 1989, Roman was found guilty of one count of lewd conduct with a child under the age of sixteen, Idaho Code § 18-1506, and was sentenced to an indeterminate life term with twenty years determinate. Roman did not appeal.

Roman filed a petition for post-conviction relief on February 13, 1991, arguing, among other claims, ineffective assistance of counsel for failing to raise an alibi defense. The district court dismissed the petition, and this Court affirmed the dismissal. *Roman v. State*, 125 Idaho 644, 650, 873 P.2d 898, 904 (Ct. App. 1994).

1

Roman filed a successive petition for post-conviction relief on July 28, 1994, which again asserted ineffective assistance of counsel for failing to raise an alibi defense, among other claims. This petition was also dismissed by the district court and affirmed by this Court on appeal. *Roman v. State*, Docket No. 22363 (Ct. App. Jan. 27, 1997) (unpublished).

On August 28, 2013, Roman filed a third petition for post-conviction relief, once again asserting ineffective assistance of counsel for failing to raise an alibi defense and arguing that the State used perjured testimony to obtain his conviction. This petition was also dismissed by the district court, which Roman appealed but later moved to withdraw his appeal.

On October 7, 2019, Roman filed a fourth petition for post-conviction relief, which is at issue in this case, asserting two claims: (1) a violation of due process based upon the alleged use of perjured testimony; and (2) ineffective assistance of counsel. The district court dismissed the petition, finding that the ineffective assistance of counsel claim had been raised in previous petitions and that both the due process and ineffective assistance claims were untimely. Roman timely appeals.

## II.

## ANALYSIS

Roman argues that the district court erred when it denied his petition for post-conviction relief. Specifically, Roman argues that the district court erred when it found that his claims were procedurally barred due to being untimely and previously raised and, in the alternative, that the actual innocence exception and lack of access to legal resources should save his untimely claims.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its

2

allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman*, 125 Idaho at 647, 873 P.2d at 901; *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Idaho Code § 19-4908 provides that "all grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application." If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007).

3

Roman first argues that the district court erred in finding that Roman's claim regarding ineffective assistance of counsel was barred because it was raised in prior petitions. Roman provides no reason or argument as to why his ineffective assistance claim was not adequately raised in his original petition. As the district court noted, Roman's prior petitions included the same claim that counsel was ineffective by failing to conduct a pretrial investigation and present an alibi defense. Therefore, the district court did not err in finding that this claim was procedurally barred.

Turning next to the district court's finding that both the ineffective assistance and due process claims were untimely, we agree. Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made were asserted within a reasonable period of time. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable time is for filing a successive petition, we will consider it on a case-by-case basis. *Id.* As noted by the district court, Roman filed his fourth petition for post-conviction relief thirty years after his conviction and twenty-eight years after his first petition for post-conviction relief. All the information supporting the basis for his fourth petition existed during the time of his first, second, and third petitions. Therefore, the district court did not err in finding that Roman's fourth petition was untimely.[1]

We also reject Roman's contention that his claim of ineffective assistance of post-conviction counsel establishes a sufficient reason to justify his fourth successive petition for post-conviction relief. Ineffective assistance of prior post-conviction counsel is no longer a sufficient reason for filing a successive petition for post-conviction relief. *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014).

Roman next argues that the actual innocence exemption and his lack of access to legal resources should save his untimely claims. We disagree. Idaho Code § 19-4901(a) lists the types of claims for which post-conviction relief can be granted. Among these, subsection (6) authorizes a limited actual innocence claim based upon fingerprint of forensic DNA test results that establish innocence. *Fields v. State*, 151 Idaho 18, 22, 253 P.3d 692, 696 (2011). Roman's actual innocence claim relies on his argument that counsel failed to present an alibi defense and witnesses, and that

---

[1] In addition, while not the basis of the district court's decision, Roman's claim regarding perjured testimony was also previously raised in the third successive petition and is procedurally barred on that basis.

the State used perjured testimony at his trial. As this does not include fingerprint or forensic DNA evidence, it is not subject to the actual innocence claim provided under I.C. § 19-4901(a).

Roman's argument that he was denied access to legal resources is likewise without merit. Roman seems to argue that he was denied access to legal resources, but he concedes that he was able to use resource centers while in prison and does not make any specific assertions as to how his access was denied. As noted by the district court, these resources are constitutionally adequate. *Evensiosky v. State,* 136 Idaho 189, 191, 30 P.3d 967, 969 (2001).

Roman also seems to argue that the district court's notice of intent to dismiss did not provide sufficient notice because therein, the district court was required to "state the legal standard or elements that Roman needed to allege to make a *prima facie* showing of denial of meaningful access to the courts." Roman provides no legal authority in support of this argument and the argument is incorrect as the notice requirement only requires reasonable particularity. *DeRushe v. State*, 146 Idaho 599, 601-602, 200 P.3d 1148, 1150-1151 (2009). Here, the district court found that Roman's ineffective assistance of counsel claim was procedurally barred as untimely and previously raised and that Roman failed to show sufficient reason to proceed with the successive petition. The district court's notice was adequate. Therefore, the district court did not err in dismissing Roman's petition for post-conviction relief.

### III.

### CONCLUSION

The district court did not err in finding that Roman's petition for post-conviction relief was procedurally barred as the claims were previously raised and untimely. Therefore, we affirm the district court's judgment summarily dismissing Roman's fourth successive petition for post-conviction relief.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

5