**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 50973**

|  |  |  |
|---|---|---|
| **ANTHONY SCOTT LOWMAN,** | ) | |
| **Petitioner-Respondent,** | ) | |
| v. | ) | |
| **KAYLA MARIE MORGAN-SMART,** | ) | **Boise, January 2025 Term** |
| **Respondent-Respondent on Appeal,** | ) | |
| and | ) | **Opinion Filed: February 27, 2025** |
| **JANE DOE (2023-32),** | ) | **Melanie Gagnepain, Clerk** |
| **Minor Child-Appellant,** | ) | |
| and | ) | |
| **NATASHA RAY,** | ) | |
| **Intervenor.** | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Roger S. Burdick, Senior District Judge. Annie McDevitt, Magistrate Judge. Ransom Bailey, Magistrate Judge.

The decision of the district court is <u>affirmed</u>.

Seiniger Law Office, Greenville, South Carolina. Wm. Breck Seiniger, Jr. argued.

Kayla Marie Morgan-Smart, Nampa, and Anthony Lowman, Kuna, Respondents Pro Se.

_____

BRODY, Justice

This appeal is from the district court's order dismissing an intermediate appeal from the magistrate court's judgment in a divorce case and addresses the authority of an attorney to represent a minor child in the divorce proceeding absent court authorization.

1

# I. BRIEF SUMMARY

Child was born to Anthony Lowman ("Father") and Kayla Morgan-Smart ("Mother") (collectively "Parents") in 2015. Shortly after her birth, her paternal grandmother, Natasha Ray ("Grandmother"), was appointed as her temporary guardian. Thereafter, Grandmother was permitted to intervene in Parents' underlying divorce action to determine legal and physical custody of Child once the guardianship terminated, which occurred in August 2021. Before Grandmother's temporary guardianship was terminated, attorney Wm. Breck Seiniger, Jr. was asked by Grandmother to represent Child, which Seiniger accepted. He was never appointed by the magistrate court to represent Child in the guardianship case, and his authority to act on behalf of Child in that action is the subject of a separate appeal, *Ray v. Morgan-Smart*, No. 49946.

Seiniger subsequently filed a notice of appearance on behalf of Child in the underlying divorce action and Parents objected. Following a hearing, the magistrate court ruled that Seiniger could not represent Child because: (1) there had not been a motion to appoint counsel to represent Child in the divorce proceeding pursuant to Idaho Code section 32-704(4) and Idaho Rule of Family Law Procedure 118; (2) it was not necessary for Child to be represented by counsel at that stage; and (3) the court would find a "completely neutral attorney" in the event the appointment of counsel for Child was necessary. Child had a guardian ad litem at the time who had been appointed in the guardianship case. After years of highly contentious litigation between Parents and Grandmother concerning the temporary guardianship, Parents came to an agreement between themselves regarding custody of Child and filed a stipulation for entry of judgment awarding them joint physical and legal custody. Although the magistrate court had ruled that Seiniger could not represent Child, Seiniger filed an objection to the proposed judgment on Child's behalf. Seiniger and Grandmother's attorney also appeared at the hearing to approve the stipulated settlement and objected to the proposed custody order. The magistrate court overruled those objections and entered a judgment consistent with Parents' stipulation.

Grandmother appealed the custody judgment to the district court which was joined by Seiniger on behalf of Child. However, the district court concluded Seiniger had no authority to represent Child and characterized Seiniger as "an officious interloper" who had "needlessly drawn out" the divorce/custody proceedings. The district court also concluded that Grandmother lacked standing in the underlying divorce action because she failed to demonstrate at trial that Parents were not fit. Consequently, the district court dismissed the intermediate appeal. Seiniger and

2

Grandmother subsequently appealed; however, Grandmother's appeal of the district court's decision was subsequently dismissed by this Court for failure to provide timely briefing. For the reasons explained below, we affirm the district court's order of dismissal.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Father filed a petition for divorce against Mother on October 6, 2016. Two years later, the parties signed a stipulation for divorce, and the magistrate court entered a judgment and decree of divorce, which expressly retained jurisdiction to determine the custody of Child at a later time. Grandmother was Child's temporary guardian at the time Parents divorced.

Prior to the entry of judgment and decree of divorce, on March 15, 2018, Grandmother filed a motion to intervene, seeking to be appointed de facto custodian of Child pursuant to Idaho Code sections 32-1701 and 32-717(3). The magistrate court permitted Grandmother to intervene "for purposes of determining legal and physical custody of the minor child subject to the above litigation." The magistrate court also stated in the order granting Grandmother's motion to intervene that Grandmother "must prove [she has] standing as [a] grandparent[] for evaluating what custody arrangements are in the best interest of the child."

Following a trial in a separate guardianship proceeding, a different magistrate court denied Grandmother's motion for "permanent" guardianship because she failed to prove that Parents were unfit. Grandmother then asked attorney Wm. Breck Seiniger, Jr. to represent Child in the guardianship proceeding. The magistrate court in the guardianship proceeding never appointed Seiniger as Child's attorney. Seiniger filed a motion to be appointed as Child's counsel and then withdrew it after an objection was made. He subsequently filed a notice of appearance in the guardianship case and proceeded to litigate the matter without authorization from the magistrate court. Seiniger also subsequently appeared on Child's behalf at a status conference in the underlying divorce action and later that same day filed a notice of appearance on behalf of Child, and a motion and affidavit for a fee waiver. The magistrate court granted Seiniger's motion to waive Child's fees. Three days later, Mother filed an objection to Seiniger's notice of appearance, arguing that Grandmother lacked authority to hire Seiniger because a temporary guardian's powers were limited to "those necessary to protect the immediate health, safety or welfare of the minor child until a hearing may be held and must include the care and custody of the minor" under Idaho Code section 15-5-207. Mother also informed the magistrate court that the temporary guardianship was set to terminate during the following week.

3

After the guardianship terminated, the parties appeared before the magistrate court in the underlying divorce case. The parties first addressed Mother's motion to remove Seiniger as the attorney for Child. Mother argued that Seiniger should be dismissed because the temporary guardianship had ended, Parents had expressed to Seiniger that his services were unwanted in this case, and Seiniger's appearance was inappropriate because he had allowed Grandmother to take Child to a cabin Seiniger owned in McCall during Parents' scheduled visitation times with Child (Seiniger is a longtime friend of Grandmother and her partner):

> As I stated, the temporary guardianship terminated and in that it never did expand past the temporary guardianship. . . . [A] temporary guardianship is only for the immediate needs and the necessity of it with the termination date of August 2nd at 9:30 a.m. This case contemplates stuff that would happen after that, so we felt that it was not appropriate in the guardianship for it—with their legal authority granted from there to appointment Mr. Seiniger . . . .
>
> Now, that the guardianship is terminated and without any finding of standing or any transfers of legal custody to anyone other than the natural parents, we feel that they are the only people who are in a position for—to appoint . . . an attorney for their minor. Both of them have expressed directly to Mr. Seiniger that they do not want him on this case. There is some other issues of—that during some of the content times where they weren't delivering the kids, they were using Mr. Seiniger's cabin up in McCall to—to visit while the kid was supposed to be with the natural parents. We don't feel his appearance in this is appropriate. We don't feel that he is appropriately seeing to the child's needs and if [t]he [c]ourt would like to entertain hiring an attorney for the child we would ask that it be done with input from all the parents and everyone in the court and be done through a proper motion. So, we ask that you dismiss the attorney for the child as it was appointed against the wishes of the parents and there is nothing—or anyone with authority at this time to appoint it over their wishes.

Father concurred with Mother. In response, Grandmother requested the magistrate court appoint Seiniger because he had represented Child for "many many months" and was familiar with "underlying constitutional issues."

Following Grandmother's response, the magistrate court sustained Mother's objection and removed Seiniger. The magistrate court allowed Seiniger to make a record for appeal purposes. Seiniger claimed Child had the right to his continued representation and, with respect to Mother's claim that Seiniger allowed Grandmother to have Child at his cabin at a time when there was court-ordered visitation with Parents, he explained that he did not think it was improper because he was a longtime friend of Grandmother and her partner, and the visit enabled him to spend time with his client:

4

[W]ith respect to [Grandmother's] visiting me during the time that there was an ordered visitation—I have known this family now for many many years, including when [Father] was a relatively young boy. I spent time—lots of time (unintelligible). I don't think there is anything improper whatsoever in my spending time with them, particularly because it gave me an opportunity to be around my—my client.

Thereafter, the magistrate court dismissed Seiniger:

The [c]ourt is going to remove Mr. Seiniger from appearing on behalf of the child in this case. So, I'm rescinding my allowance of him to file a notice of appearance in this matter. The -- we have a situation where it—say in more—a more traditional case, for instance, I had two parents and one thought the child needed an attorney and one didn't. I would first hear a motion on whether I think it's necessary under 32-704 to appoint an attorney for the child and, then, if I did so I would appoint somebody—say one parent wanted a certain attorney and the other one wanted another one, I wouldn't favor one side over another. We would find a completely neutral attorney and so I don't see why we should deviate from that just because that we have a situation where there was a guardianship where Mr. Seiniger represented the child.

So . . . I'm not going to allow Mr. Seiniger to appear on behalf of the child in this case. I will if a future motion comes under 32-704 and Idaho Rule 118. Sorry. Family Law Rule 118. If a proper motion comes before [t]he [c]ourt I will determine at that point in time whether I feel that—that the child in this case needs an attorney to represent her interests.

Parents subsequently filed a stipulation for entry of judgment regarding Child's custody on May 20, 2022. Grandmother and Seiniger both objected, arguing the magistrate court could not enter judgment without holding a hearing on whether the proposed custody agreement was in Child's best interest. The magistrate court held a hearing on Grandmother's and Seiniger's objections on June 24, 2022. During this proceeding, Seiniger acknowledged that he was removed as attorney for Child by the magistrate court . Ultimately, the magistrate court rejected Grandmother's and Seiniger's arguments and a judgment consistent with Parents' stipulation was entered on July 13, 2022.

Grandmother and Seiniger subsequently filed an intermediate appeal with the district court. After the district court questioned Seiniger's authority to appear, Seiniger filed a motion to be appointed to represent Child. The district court then entered an order dismissing the appeal. At the outset of its analysis, the district court labeled Seiniger an "officious interloper" who disregarded the denial of his notice of appearance and "who entered this appeal without any permission":

This case has been presented by [Grandmother] as a "Gordian knot" or "a tangled mess of fish line." It is not. It is an independent divorce case between the natural

5

parents of [Child]. The tangled mess is a result of [Grandmother's] continued efforts to delay, obfuscate and insert herself into the divorce and custody of [Child]. [Grandmother] continues to want to combine this case with the record of the terminated guardianship on appeal to the Idaho Supreme Court. *It has further been needlessly drawn out by an attorney who is nothing more than an officious interloper who will not heed the previous order by* [the magistrate court] *that his notice of appearance was denied and who entered this appeal without any permission by this court.*

(Emphasis added.) The district court further determined Seiniger lacked standing because "Seiniger has no authority to represent [Child], having been denied appearance in the trial court and showing no evidence to appear in this matter pursuant to rules nor properly showing factual grounds for the representation of [Child] in this appeal." Accordingly, the district court struck "all pleadings, motions, or memoranda filed by [Seiniger]," with the exception of documents that Grandmother's counsel had formally adopted in writing.

Seiniger appealed.

### III. ANALYSIS

While the district court framed its analysis in terms of whether Seiniger had "standing" to challenge the judgment of the magistrate court, the essence of its analysis properly focused on Seiniger's *authority* to represent Child. In a divorce action, decisions concerning a child's representation are committed to the sound discretion of the magistrate court by statute and court rule. *See* I.C. § 32-704; I.R.F.L.P 118(a)(1). Section 32-704 provides in relevant part:

> The court may appoint an attorney or guardian ad litem to represent the interests of a minor or dependent child with respect to his or her support, custody, and visitation, but only in those instances where the court deems legal representation or other assistance is necessary beyond any court ordered and court related services previously authorized for the particular case.

I.C. § 32-704(4). Similarly, Idaho Rule of Family Law Procedure 118 states in pertinent part:

> Pursuant to Idaho Code § 32-704(4), the court, in its discretion, may appoint a lawyer to represent a child in a custody or a visitation dispute and must enter an order for costs, fees, and disbursements in favor of the child's attorney in compliance with that statute.

I.R.F.L.P 118(a)(1).

Furthermore, "[t]he decision to grant or deny a motion to disqualify counsel is within the discretion of the trial court." *Hepworth Holzer, LLP v. Fourth Jud. Dist. of State*, 169 Idaho 387, 397, 496 P.3d 873, 883 (2021) (quoting *Weaver v. Millard*, 120 Idaho 692, 696-97, 819 P.2d 110, 114-15 (Ct. App. 1991)). "That said, motions to disqualify are generally disfavored." *Id.* (citing

6

*Foster v. Traul*, 145 Idaho 24, 33, 175 P.3d 186, 195 (2007)). "When this Court reviews an alleged abuse of discretion by a trial court the sequence of inquiry requires consideration of four essentials. Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) (emphasis omitted).

In this case, the magistrate court rejected Seiniger's attempt to represent Child in the divorce proceeding and rescinded its permission to file a notice of appearance following Parents' objection. The magistrate court explained there had not been a motion to appoint counsel to represent Child pursuant to section 32-704(4) or Rule 118, and found it was unnecessary for Child to be represented by counsel at that stage in the litigation. Furthermore, the magistrate court explained it would find a "completely neutral attorney" in the event the appointment of counsel for Child was necessary.

Seiniger challenges the magistrate court's decision on three bases. First, Seiniger argues he was authorized to represent Child as Child's "next friend" pursuant to Idaho Rule of Family Law Procedure 112(b)(2) and Idaho Rule of Civil Procedure 17(c)(2). Second, he argues the magistrate court erred because Idaho Code section 32-704 and Idaho Rule of Family Law Procedure 118 do not require a motion and order appointing an attorney when that attorney voluntarily appears on behalf of the child. Lastly, he argues Child "has a constitutional right to be heard and to petition the court for relief, which given her age could only be exercised through counsel."

"It is axiomatic that this Court will not consider issues raised for the first time on appeal." *Siercke v. Siercke*, 167 Idaho 709, 715, 476 P.3d 376, 382 (2020) (citing *Valiant Idaho, LLC v. VP Inc.*, 164 Idaho 314, 327, 429 P.3d 855, 868 (2018)). "A party must raise both the issue and their position on that issue before the trial court for this Court to review it." *Id.* (citing *Eagle Springs Homeowners Ass'n, Inc. v. Rodina*, 165 Idaho 862, 869, 454 P.3d 504, 511 (2019)). "An issue is not preserved when a party argues under a different theory on appeal than the one argued before the [lower] court[s]." *Streamline Builders, LLC v. Chase*, ___ Idaho ___, ___, 560 P.3d 508, 514 (2024) (citing *Kosmann v. Dinius*, 165 Idaho 375, 386, 446 P.3d 433, 444 (2019)). "This general rule applies even if the question is of constitutional dimension." *Idaho Dep't Health & Welfare v.*

*Doe (2024-04)*, ___ Idaho ___, ___, 555 P.3d 1091, 1115 (2024) (citing *State v. Heath*, 168 Idaho 678, 685, 485 P.3d 1121, 1128 (2021)).

In addition, we will not consider an issue "not supported by argument and authority in the opening brief." *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008); *see also* I.A.R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to authorities, statutes and parts of the transcript and the record relied upon."). "Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (citing *Randall v. Ganz*, 96 Idaho 785, 788, 537 P.2d 65, 68 (1975)).

Here, the magistrate court permitted Seiniger to present an argument concerning his authority to represent Child in the divorce proceeding in order for Seiniger to create a record for appeal. In so doing, Seiniger claimed that Child had some vague, unspecified "right" to his continued representation in the divorce proceedings, given Child's age and interest in the proceeding. However, Seiniger did not argue that he qualified as Child's "next friend" under Idaho Rule of Family Law Procedure 112(b)(2) and Idaho Rule of Civil Procedure 17(c)(2). Nor did he argue that his appearance was permitted under Idaho Code section 32-704 and Idaho Rule of Family Law Procedure 118 based on the fact he was appearing voluntarily. These arguments were also not made to the district court. Consequently, we conclude that these arguments were not preserved for appeal.

Moreover, Seiniger failed to support his argument—that Child had a constitutional right to his continued representation during the divorce proceeding—with applicable authority in his opening brief. He first cites to *Evensiosky v. State*, 136 Idaho 189, 191, 30 P.3d 967, 969 (2001), for the proposition that "[a]ccess to the courts is a fundamental constitutional right." However, *Evensiosky* did not address a child's right to counsel in a divorce proceeding. Rather, in *Evensiosky*, this Court addressed a prisoner's argument that his right of access to the courts was violated when he was transferred out of state, which allegedly prevented him timely filing his petition for post-conviction relief. 136 Idaho at 191, 30 P.3d at 696. Thus, *Evensiosky* has no application to this case.

Seiniger also cites to *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 388 (2011), for the proposition that Child "has a constitutional right to be heard and to petition the court for relief,

which given her age could only be exercised through counsel." Again, *Guarnieri* has no application to this case because it did not address a child's right to counsel in a divorce proceeding. Instead, *Guarnieri* addressed "the extent of the protection, if any, that the Petition Clause grants public employees in routine disputes with government employers." 564 U.S. at 382. The United States Supreme Court described the right of petition as "the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." *Id*. at 387. However, this general statement does not establish that Child had a right to Seiniger's representation absent court approval—or over the objections of Parents who were never found to have been unfit.

Lastly, Seiniger's claim that the district court failed to address his motion to be appointed Child's counsel on intermediate appeal is not supported by the record. In its memorandum decision dismissing the intermediate appeal, the district court specifically addressed his motion, stating that the cases Seiniger cited in his motion "did not apply[.]" It further determined that Seiniger had "not shown in the trial court nor in this appeal that the parents are unfit or other grounds which necessitate" appointment of counsel for Child. Thus, Seiniger's assignment of error in this respect is meritless.

In short, we decline to address Seiniger's arguments because they are unpreserved, unsupported by sufficient authority, and unsupported by the record. Therefore, we affirm the district court's conclusion that Seiniger lacked authority to represent Child. Consequently, the order of the district court, including its decision to strike "all pleadings, motions, or memoranda filed by" Seiniger, is affirmed.

## IV.  CONCLUSION

For the reasons set forth above, we affirm the decision of the district court.


Chief Justice BEVAN, and Justices MOELLER, ZAHN and MEYER CONCUR.

9